The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE,<br><br>Defendant. | No.   2:20-CV-00887<br><br>DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

(1) Under L.C.R. 65(b)(5), the City hereby notifies the court that it intends to file a response and opposition to Plaintiffs' Motion for Entry of a Temporary Restraining Order given the language proposed by Plaintiffs, which does not allow exceptions that would preserve the City's ability to protect individuals from imminent physical harm.

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A
RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER
(20-cv-00887RAJ) - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

(2) As indicated to Mr. Perez, the City's modification is narrow and consistent with orders from other district courts from around the country addressing identical subject matter areas. (Sharifi Dec., ¶ 10-13, Ex. 9 - 11).

(3) The City is aware of three Motions for a Temporary Restraining Order nationally[1] related to the current civil rights movement addressing systemic racism in the United States, currently focused on policing due to the killing of George Floyd. In these Motions, plaintiffs challenge the use of less lethal tools for crowd management during demonstrations, citing, as in the present case, primarily First and Fourth Amendment claims. In all of the Motions, the courts carefully balanced the "absolute right to demonstrate and protest the actions of government officials" and the "difficult and thankless job" in which police officers are "called upon to make split second decisions and to expose themselves to danger while protecting the health and safety of the rest of us." *Agazi Abay, et al, v. City and County of Denver*, 20-CV-1616-RBJ, United States District Court for the District of Colorado, June 5, 2020; *Don't Shoot Portland, et al v. City of Portland*, 20-cv-00917-HZ *4, United States District Court for the District of Oregon ("the Court recognizes the difficulty in drawing an enforceable line that permits officers to use appropriate means to respond to violence and destruction of property without crossing the line into chilling free speech and abusing those who wish to exercise it.")

(4) In *Agazi Abay, et al, v. City and County of Denver*, 20-CV-1616-RBJ, United States District Court for the District of Colorado, June 5, 2020, the Court "enjoin[ed] the City and County

---

[1] In *Goyette v. City of Minneapolis*, 20-CV-1302 (WMW/DTS), District of Minnesota, the Court denied the Temporary Restraining Order without prejudice because the plaintiff could not show "irreparable harm." As the City is willing to stipulate to a Temporary Restraining Order in the current matter, and the ruling in *Goyette* is highly fact-specific, the City does not spend time discussing this case.

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 2

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

of Denver, and specifically the Denver Police Department and officers from other jurisdictions who are assisting Denver Police Officers, from employing chemical weapons or projectiles of any kind against persons engaging in peaceful protests or demonstrations." To "assure that this idealistic order" was carried out, the Court specifically "enjoin[ed] the Denver Police Department and officers from other jurisdictions working with Denver Police Department officers from using chemical weapons or projectiles unless an on-scene supervisor at the rank of Captain or above specifically authorizes such use of force in response to specific acts of violence or destruction of property that the command officer has personally witnessed," and also ordered that 1) Kinetic Impact Projectiles and all other non- or less-lethal projectiles may never be discharged to target the head, pelvis or back; 2) that such less lethal projectiles shall not be shot indiscriminately into a crowd; 3) that non-Denver officers shall not use any force or weapon beyond what Denver permits for its own officers; 4) all officers must have their body-worn cameras recording at all times and may not intentionally obstruct the camera or recording; 5) chemical agents or irritants may only be used after an order to disperse; and 6) all orders to disperse must be followed with adequate time for the intended audience to comply and officers must leave room for safe egress. *Id.*

(5) Upon the Denver City and County's Emergency Motion to Modify, the court amended the order to allow Lieutenants and above to authorize the use of the "prohibited force" to address property destruction or specific acts of violence and modified its order on body cameras "as a matter of common sense, the Court is not requiring that body cameras be activated and draining batteries when nothing is happening in the officer's vicinity." *Abay*, 20-CV-1616-RBJ, Order, June 6, 2020. (Sharifi Dec., Ex. 9).

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A
RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER
(20-cv-00887RAJ) - 3

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

(6) On June 9, 2020, in *Don't Shoot Portland, et al v. City of Portland*, 20-cv-00917-HZ, United States District Court for the District of Oregon, the court granted a Temporary Restraining Order against the Portland Police Bureau: "The Court therefore orders that PPB be restricted from using tear gas or its equivalent except as provided by its own rules generally. In addition, tear gas use shall be limited to situations in which the lives or safety of the public or the police are at risk. This includes the lives and safety of those housed at the Justice Center. Tear gas shall not be used to disperse crowds where there is no or little risk of injury." (Sharifi Dec., Ex. 11).

(7) In the current matter, the City counter-proposed language for a Temporary Restraining Order that, like those in Denver and Portland, attempts to better balance constitutional rights and the public safety obligations faced by the City and its police. In the below, subtractions from Plaintiffs' proposed Temporary Restraining Order language is in strikethrough; additions in italics.

> The City of Seattle, including the Seattle Police Department and any other officers, departments, agencies, or organizations ~~acting within the Seattle Police Department's jurisdiction or~~ under the Seattle Police Department's control (collectively, "the City"), is hereby enjoined from employing chemical weapons or projectiles of any kind against persons engaging in peaceful protests or demonstrations. This injunction includes: (1) any chemical irritant such as and including CS Gas ("tear gas") and OC Gas ("pepper spray") and (2) any projectile such as and including flash-bang grenades, "pepper balls," "blast balls," and rubber bullets, *unless the incident commander or above-ranking member of command staff specifically authorizes such use of force in response to specific acts of violence creating likely imminent physical harm to an individual(s). This Order does not preclude individual officers from taking reasonable, necessary, and proportional action to protect against imminent threat of physical harm to themselves or identifiable others, including the deployment of OC spray.*

The City's language includes similar language to the Denver Order, allowing for an incident commander to authorize the use of less-lethal responses. In contrast to Denver, the City does

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 4

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

not seek to include property damage as a viable reason to authorize the use of such tools. The Portland Order does not include any limitation for a command decision; instead officers may use tear gas when "the lives or safety of the public or the police are at risk." The language proposed by the City is more restrictive than either Denver or Portland.

(8) If the Court determines it is appropriate to enter an Order containing the City's modification and amendment to Plaintiffs' TRO language, the City agrees to entry of a TRO with the language detailed in ¶ 7 above. Otherwise, the City respectfully requests 72 hours from the filing date and time of the Plaintiffs' Motion for TRO to file a Response. *See* L.C.R. 65(b)(5).

DATED this 10th day of June, 2020.

PETER S. HOLMES
Seattle City Attorney

By:  */s/ Ghazal Sharifi*
Ghazal Sharifi, WSBA# 47750
Carolyn Boies, WSBA# 40395

Assistant City Attorneys

E-mail:  Ghazal.Sharifi@seattle.gov
E-mail:  Carolyn.Boies@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone:  (206) 684-8200

*Attorney for Defendant City of Seattle*

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 5

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Breanne Mary Schuster<br>ACLU of Washington<br>901 Fifth Avenue, Suite 630<br>P.O. Box 2728<br>Seattle, WA 98111<br>(206) 624-2184<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>bschuster@aclu-wa.org |
| John B. Midgley<br>ACLU of Washington<br>901 Fifth Avenue, Suite 630<br>P.O. Box 2728<br>Seattle, WA 98111<br>(206) 624-2184<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>jmidgley@aclu-wa.org |
| Lisa Nowlin<br>ACLU of Washington<br>901 Fifth Avenue, Suite 630<br>P.O. Box 2728<br>Seattle, WA 98111<br>(206) 623-1900<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>lnowlin@aclu-wa.org |
| Molly Tack-Hooper<br>ACLU of Washington<br>901 Fifth Avenue, Suite 630<br>P.O. Box 2728<br>Seattle, WA 98111<br>(206) 624-2184<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>mtackhooper@aclu-wa.org |
| Nancy Lynn Talner<br>ACLU of Washington<br>901 Fifth Avenue, Suite 630<br>P.O. Box 2728<br>Seattle, WA 98111<br>(206) 682-2184<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>talner@aclu-wa.org |

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 6

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

| | | |
|---|---|---|
| 1 | Carolyn S. Gilbert<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-3279<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>carolyngilbert@perkinscoie.com |
| 2 | Mallory Gitt Webster<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-3701<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>mwebster@perkinscoie.com |
| 3 | Paige L. Whidbee<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-3629<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>pwhidbee@perkinscoie.com |
| 4 | Heath L. Hyatt<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-8000<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>hhyatt@perkinscoie.com |
| 5 | Joseph M. McMillan<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 583-8888<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>JMcMillan@perkinscoie.com |
| 6 | Nitika Arora<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-3267<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>NArora@perkinscoie.com |
| 7 | David A. Perez<br>PERKINS COIE<br>1201 3rd Avenue, Suite 4900 | ( x )  Via Email<br>DPerez@perkinscoie.com |

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 7

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

| | |
|---|---|
| Seattle, WA 98101-3099<br>(206) 359-6767<br><br>*[Attorneys for Plaintiffs]* | |
| Robert Seungchal Chang<br>Ronald A. Peterson Law Clinic<br>Seattle University School of Law<br>1112 E. Columbia Street<br>Seattle, WA 98122<br>(206) 398-4025<br><br>*[Attorneys for Plaintiffs]* | ( x )  Via Email<br>changro@seattleu.edu |

　　　　　*/s/ Ghazal Sharifi*
　　　　　　Assistant City Attorney

DEFENDANT CITY OF SEATTLE'S NOTICE OF INTENT TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(20-cv-00887RAJ) - 8

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200