1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLACK LIVES MATTER SEATTLE-
KING COUNTY, ABIE EKENEZAR,
SHARON SAKAMOTO, MURACO
KYASHNA-TOCHA, ALEXANDER
WOLDEAB, NATHALIE GRAHAM,
AND ALEXANDRA CHEN,

        Plaintiffs,

   v.

CITY OF SEATTLE,

        Defendant.

No. 2:20-cv-00887-RAJ

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR CONTEMPT**

NOTE ON MOTION CALENDAR:
July 29, 2020

     This matter comes before the Court on Plaintiffs' motion to enforce this Court's preliminary injunction and for a finding of contempt.

     The Court, having thoroughly considered Plaintiffs' motion and the declarations and exhibits filed in support of the motion, Defendant City of Seattle's opposition (if any), the applicable law, the relevant portions of the record, and the arguments of counsel, hereby finds the City of Seattle **IN CONTEMPT** of this Court's preliminary injunction entered June 16, 2020 (ECF 42). Accordingly, the Court **GRANTS** Plaintiffs' motion.

148989452.1

**FINDINGS**

1.      On June 12, 2020, the Court granted Plaintiffs' motion for a temporary restraining order enjoining the City from using chemical weapons and projectiles against peaceful protesters. *See* ECF 34. The Court found that the SPD "has in fact used less-lethal weapons disproportionately and without provocation" and that Plaintiffs were likely to succeed on the merits of their First and Fourth Amendment claims against the City. *Id.* at 3.

2.      The temporary restraining order enjoined the City from "employing chemical irritants or projectiles of any kind against persons peacefully engaging in protests or demonstrations." ECF 34 ¶ 1. It noted that individual officers could take "***necessary***, ***reasonable, proportional, and targeted*** action to protect against a specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property" but that chemical weapons and projectiles could not be "***deployed indiscriminately into a crowd***" and, "to the extent reasonably possible, they should be ***targeted at the specific imminent threat***" justifying their deployment. *Id.* (emphasis added).

3.      On June 17, 2020, the parties stipulated to a preliminary injunction with terms identical to the TRO extending the injunction through September 30, 2020. *See* ECF 42. The Court entered the agreed preliminary injunction.

4.      On June 26, 2020, the Seattle City Council passed Ordinance 119805 banning the crowd control weapons at issue in this suit.

5.      In the evening of Friday, July 24, 2020, the Honorable James Robart granted an emergency motion by the Department of Justice to temporarily enjoin Ordinance 119805 until it could be reviewed under the terms of a consent decree entered into by the City of Seattle in a 2011 suit by the United States alleging a pattern of excessive use of force by Seattle police. In granting the DOJ's motion for a TRO, Judge Robart made clear that this Court's order "is the current *status quo*" with respect to crowd control weapons "and remains in effect." ECF 630, *United States v. City of Seattle*, No. 12-cv-01282-JLR (W.D. Wash).

[PROPOSED] CONTEMPT ORDER
(No. 2:20-cv-00887-RAJ) – 2

148989452.1

6.      The following day, Saturday, July 25, 2020, the Seattle Police Department deployed hundreds of chemical weapons and projectiles—including non-directional canisters of gas, handheld pepper spray, flash bang grenades, blast balls, pepper balls, and foam-tipped projectiles—at protesters.

7.      The evidence in the record shows that SPD used these weapons on July 25, 2020 in a way that was not necessary, reasonable, proportional, and targeted to address a specific imminent threat of physical harm or to respond to specific acts of violence or property destruction.

8.      Rather, the record demonstrates that SPD repeatedly deployed chemical weapons and projectiles indiscriminately into crowds and used these weapons against people who were peacefully engaging in protests or demonstrations and absent any specific or imminent threat.

9.      Likewise, the record demonstrates that SPD repeatedly deployed chemical weapons and projectiles indiscriminately at legal observers, medics, and journalists, and in some instances, expressly targeted legal observers, medics, and journalists. No legal observer, medic, or journalist presented a specific or imminent threat of violence to persons or property.

10.      The Court finds that the City has failed to take all reasonable steps within its power to comply with this Court's Preliminary Injunction (ECF 42). Accordingly, I hold the City in contempt.

11.      To ensure the City's compliance with the letter and spirit of this Court's Preliminary Injunction, the Court finds that an order setting forth additional terms is necessary.

Accordingly, the Court hereby **ORDERS** that this Court's preliminary injunction order (ECF 42) is **AMENDED** to include the following terms:

1.   The City of Seattle, including the Seattle Police Department and any other officers, departments, agencies, or organizations under the Seattle Police Department's control (collectively, "the City"), are enjoined from:

[PROPOSED] CONTEMPT ORDER
(No. 2:20-cv-00887-RAJ) – 3

a. Using any force against medical personnel, members of the media, or legal observers who are clearly identified or known to police as such;

b. Using chemical weapons or projectiles of any kind against any individuals peacefully present at a protest—including protesters and people who are identifiable as, or known to police to be, journalists, legal observers, or medics—without specific reason to believe that (1) such force is necessary to stop the target of the force in the commission of an act of violence or serious property destruction, or (2) that they pose a specific, imminent threat of harm to themselves or identifiable others;

c. Using chemical weapons or projectiles of any kind to re-route a protest or cause protesters to physically retreat from a space, unless such re-routing or retreat is necessary to prevent specific imminent harm to person or property;

d. Using chemical weapons or projectiles of any kind without first issuing a warning that is audible to everyone in the area where the weapons are threatened to be deployed, and allowing them sufficient time, space, and opportunity to leave the area;

e. Using chemical weapons or projectiles of any kind against people who are in retreat, whether or not police have ordered dispersal;

f. Using non-directional canisters of chemical agents, blast balls, or any other projectiles infused with pepper spray or any other chemical agent, which are, by their nature, indiscriminate; or

g. Using any more force than is necessary to prevent a specific imminent threat of physical harm or the destruction of property.

2. A supervisory level officer must determine that the use of projectiles or non-directional chemical weapons is necessary and consistent with the terms of the Preliminary Injunction and this Order before SPD officers can deploy these weapons

[PROPOSED] CONTEMPT ORDER
(No. 2:20-cv-00887-RAJ) – 4

at a protest. This applies to non-directional canisters of tear gas or pepper spray, blast balls, flash bang grenades, pepper balls, rubber bullets, or foam-tipped projectiles; it does not apply to handheld pepper spray targeted at a specific imminent threat of physical harm to an officer or identifiable others or to respond to specific acts of violence or serious destruction of property.

3. The City shall ensure that a copy of this order is distributed to every Seattle Police Department officer within 24 hours of the issuance of this Order, and certify to the Court that it has done so.

4. The City shall provide Plaintiffs with daily logs detailing SPD's use at a protest of any of the weapons covered by this Order, including the date and time force was used, the type and quantity of munitions used, the name and badge number of the officer who used the weapons, and the justification for the use of weapons.

5. These provisions clarify the terms of this Court's Preliminary Injunction (ECF 42) and are hereby added to that Preliminary Injunction, the entirety of which remains fully in effect. To the extent that there is any apparent conflict between this Order and the Preliminary Injunction (ECF 42), the terms of this Order shall govern.

6. This Order and the Preliminary Injunction will expire on September 30, 2020, unless they are extended or terminated by stipulation of the parties.

7. As a sanction for violating this Court's order, the City is ordered to pay Plaintiffs' reasonable attorneys' fees in bringing this motion. Plaintiffs are ordered to file a fee petition with this Court within seven (7) days.

DATED this ___ of _____, 2020.

[PROPOSED] CONTEMPT ORDER
(No. 2:20-cv-00887-RAJ) – 5

148989452.1

1

2

3      By: _____

4           HONORABLE RICHARD A. JONES
               United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26