THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | NO. 2:20-cv-00887<br><br>DECLARATION OF CESAR HIDALGO-LANDEROS |

I, CESAR HIDALGO-LANDEROS, hereby declare as follows:

1. I am over the age of 18 years old and am a citizen of the United States. I have personal knowledge of the facts set forth herein and am competent to testify to them at trial.

2. I am the supervisor for the Seattle Police Video Unit. I have participated in the Body Worn Video Program since its inception. This declaration will provide the Court with context on the process of searching for, retrieving, and producing Body Worn Video in the computer

system utilized by the Seattle Police Department (SPD) when those videos are from a large scale event like a demonstration.

3.     In 2018, the SPD fully implemented the Body Worn Video program, issuing over 1,000 body cameras to its police officers. The department utilizes a cloud database storage, Evidence.com, where all SPD officers upload videos from their Body Worn device at the end of their shift. During a regular patrol shift, Body Worn devices are only activated based on specific criteria, and there are a variety of mechanisms (both automatic and manual) which result in specific video being associated in the system with a specific case, incident or call number once a video has been generated.

4.     The Video Unit heavily depends on provided case, incident and call report numbers to search for and locate Body Worn Video.

5.     In the event of a large demonstration like the July 25, 2020 event, however, case numbers are not automatically generated. There are also multiple officers at one or more locations. This requires us to visually inspect each video if we receive a request for a certain incident during a demonstration event, which is a far more labor intensive process than the normal easy retrieval by using identifying numbers.  When conducting that type of visual inspection of video, the fact that officers are dressed in protective gear makes it difficult to identify who each officer is, which further slows the process.

6.     With respect to the July 25, 2020 event, because we do not yet have incident numbers assigned to videos, we have to do a basic search based on the date and location. In response to that search, we located 1394 videos between the hours of 1300 hrs and 2100 hours.

DECLARATION OF CESAR HIDALGO-LANDEROS - 2

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  There could be more if we do a more extensive search.  The duration of each video located in that
2  search varies from one minute to 90 minutes or more. If the average of each video is an hour, this
3  amounts to having to search through 1394 hours worth of video to find any particular incidents
4  from the July 25, 2020 event.

5   7. Because all of the involved officers have not yet completed their incident reports
6  with respect to July 25, 2020, and without knowing the name or serial of an officer in a particular
7  location where an incident happened, we will have to sift through and watch all 1394 videos to
8  find each particular incident requested.

9  I declare under penalty of perjury under the law of the United States that the foregoing is
10  true and correct.

12  SIGNED in Seattle, Washington this 28th day of July, 2020.

*Cesar Hidalgo Landeros*
CESAR HIDALGO-LANDEROS

DECLARATION OF CESAR HIDALGO-LANDEROS - 3

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669