1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLACK LIVES MATTER SEATTLE-
KING COUNTY, ABIE EKENEZAR,
SHARON SAKAMOTO, MURACO
KYASHNA-TOCHA, ALEXANDER
WOLDEAB, NATHALIE GRAHAM,
AND ALEXANDRA CHEN,

              Plaintiffs,

    v.

CITY OF SEATTLE,

              Defendant.

No. 2:20-cv-887 RAJ

REPLY ISO MOTION FOR ORDER TO
SHOW CAUSE WHY CITY OF SEATTLE
SHOULD NOT BE HELD IN CONTEMPT
FOR VIOLATING THE PRELIMINARY
INJUNCTION

NOTE ON MOTION CALENDAR:
July 30, 2020

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149031763.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF CONTENTS**

**Page**

A.   The City's Response ignores clear violations of the Injunction. .......................................1

B.   The City's arguments demonstrate why it is necessary to clarify the Injunction.
     Doing so violates neither Due Process nor the Consent Decree.........................................2

C.   Courts have found contempt for less egregious violations of court orders........................4

D.   Conclusion ........................................................................................................5

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149031763.3

1

**TABLE OF AUTHORITIES**

2
                                                                                **Page(s)**

3
**CASES**

4

*Afro-Am. Patrolmen's League v. City of Atlanta*,

5
 817 F.2d 719 (11th Cir. 1987) .................................................................................4

6
*Casale v. Kelly*,

7
 710 F. Supp. 2d 347 (S.D.N.Y. 2010)........................................................................4

8
*Farber v. Rizzo*,
 363 F. Supp. 386 (E.D. Pa. 1973) ..............................................................................4

9
*Green v. United States*,

10
 356 U.S. 165 (1958)....................................................................................................3

11
*Int'l Union, United Mine Workers of Am. v. Bagwell*,
 512 U.S. 821 (1994)....................................................................................................3

12

*Jones v. Parmley*,

13
 465 F.3d 46 (2d Cir. 2006)..........................................................................................2

14
*Kelly v. Wengler*,

15
 822 F.3d 1085 (9th Cir. 2016) .................................................................................3, 4

16
*Lasar v. Ford Motor Co.*,
 399 F.3d 1101 (9th Cir. 2005) ...................................................................................3

17
*N.A.A.C.P. v. Claiborne Hardware Co.*,

18
 458 U.S. 886 (1982)....................................................................................................2

19
*Reno Air Racing Ass'n v. McCord*,

20
 452 F.3d 1126 (9th Cir. 2006) ...................................................................................4

21
*State v. Moe*,
 174 Wash. 303 (1933)................................................................................................2

22
**OTHER AUTHORITIES**

23
First Amendment .............................................................................................................2

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**A.    The City's Response ignores clear violations of the Injunction.**

The City's Response is both lacking and illuminating.  It is lacking because the City cherry-picks *one* declaration, but ignores every other witness who testified (under oath) about the City's indiscriminate violence.  The City ignores Ms. Trimble, whose limited mobility prevented her from running away fast enough (from her own police force), so she and other "stragglers" were targeted with blast balls.  The City ignores Mr. Wieser, a journalist, who posed no threat, told the officers he would move back, but was shot in the face with pepper spray for no reason. The City ignores Mr. Smith, another journalist, who captured *multiple videos* of officers attacking peaceful protesters, such as repeatedly spraying young women trying to shelter behind an umbrella.  The City ignores video footage of an SPD officer nonchalantly tossing a blast ball at Renee Raketty, another journalist, sitting alone on a fire escape taking pictures behind the police line with her press credentials clearly visible. Ms. Bruce was shot with a blast ball when she was protesting with her parents; Ms. Bonifilia was *ten rows back* when SPD shot her with a projectile, leaving her with second-degree burns.  Ms. Forest was with the Wall of Moms when SPD decided to pepper spray all of them.  Another Mom recounts, "All I did was wear a yellow shirt and yell.  I was not violent.  I was not a threat." Tewson Decl. at ¶ 15.  Moms wearing yellow, standing with arms linked, were pepper sprayed across their faces. *Id.* at ¶ 11.  Witness after witness testified to the indiscriminate use of blast balls, pepper balls, and other projectiles— all in violation of the Court's order.

The City's response is illuminating because it reveals why the clarifications to the injunction that Plaintiffs request are so necessary.  The Brooks declaration is terrifying in its Orwellian view that *anyone* carrying an umbrella or wearing "protective clothing" can be targeted.  Brooks, Decl. ¶¶ 6, 8.  According to the City, if a protester tries to *shield* herself from pepper spray, then that protester is *inviting the use of pepper spray*.  If the City's conduct goes unchecked, then it's open season on protesters who take precaution at all to minimize the risk

REPLY MOTION FOR CONTEMPT (No 2:20-cv-887 RAJ) – 1

149031763.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  that they are maimed or killed by the weapons SPD insists on deploying against the thousands of

2  people standing up for Black lives.

3  Similarly, the City claims that because criminal actors sometimes operate from deep

4  within a crowd, *see* Brooks Decl., ¶¶ 8-9, officers may indiscriminately launch weapons at

5  crowds. The logical implication of Brooks's declaration is that SPD would be able to deploy less

6  lethal weapons on protesters at every event, meaning this Court's Order is utterly toothless.

7  Protesters don't lose their First Amendment protection just because there have been some

8  associated incidents of violence. *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908

9  (1982) ("The right to associate does not lose all constitutional protection merely because some

10 members of the group may have participated in conduct or advocated doctrine that itself is not

11 protected."); *see also Jones v. Parmley*, 465 F.3d 46, 60 (2d Cir. 2006) ("[P]laintiffs had an

12 undeniable right to continue their peaceable protest activities, even when some in the

13 demonstration might have transgressed the law."); *cf. State v. Moe*, 174 Wash. 303, 306 (1933)

14 (vacating riot conviction of person not participating as a rioter).  Let's state the obvious:

15 declaring a riot didn't transform those umbrella-wielding mothers into rioters.

16 The City has clearly violated this Court's order, in significant part because of its

17 unreasonably distorted interpretation of the plain language of the order.

18
   **B.      The City's arguments demonstrate why it is necessary to clarify the Injunction.
19           Doing so violates neither Due Process nor the Consent Decree.**

20 The City apparently believes that everything it did on Saturday—nonchalantly throwing

21 blast balls into crowds and pepper spraying journalists, medics, and protesters simply to move

22 people, not to respond to specific threats—was consistent with the Court's injunction.  These

23 were not isolated instances that can be overlooked to arrive at a "substantial compliance"

24 conclusion, as the City urges.  Instead the evidence shows they were widespread practices, that

25 arose from a deeply flawed interpretation of what the Injunction permits.  This comes through

26 clearly in the Brooks declaration, as he describes moving police lines back and forth on Capitol

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149031763.3

1    Hill in terms reminiscent of "battles lines."  The City's interpretation demonstrates why

2    clarifications are necessary.  Absent immediate clarification from this Court, such violations are

3    virtually certain to occur again, to the grave injury of Plaintiffs and other peaceful protesters.

4         The City insists that clarifying the order or finding contempt would somehow violate its

5    due process rights.  But the City's cases involve *criminal* contempt, not *civil contempt*.  *See Int'l*

6    *Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833-34 (1994); *Green v. United*

7    *States*, 356 U.S. 165, 217 n.33 (1958); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir.

8    2005) (contempt may either by civil or criminal, defined by the character and purpose of the

9    associated sanction).  Having made this false conflation, the City argues (erroneously and

10   inconsistently) that Plaintiffs must show proof beyond a reasonable doubt (a criminal standard)

11   while also acknowledging that "clear and convincing evidence" (a civil standard) is the right

12   threshold.  In this case, the extensive evidence submitted by Plaintiffs' easily satisfies the clear

13   and convincing standard.  Indeed, the vast majority of that evidence is completely unrebutted.

14        "Courts have long had the inherent power to modify court orders in changed

15   circumstances," which includes when there has been a "substantial violation of a court order."

16   *Kelly v. Wengler*, 822 F.3d 1085, 1098 (9th Cir. 2016) (collecting cases).  A modification "is

17   'suitably tailored to the changed circumstances' when it 'would return both parties as nearly as

18   possible to where they would have been absent' the changed circumstances."  *Id.*  Here, a

19   clarification that a ban on the indiscriminate use of less lethal weapons against peaceful

20   protesters ***includes*** a ban on targeting medics, journalists, and legal observers, does not change

21   the terms of the preliminary injunction.  It merely returns Plaintiffs to the position before SPD

22   violated the Court's order.  Such a modification is "therefore well within the court's inherent

23   power."  *Id.*

24        The City erroneously suggests that granting this motion would somehow create a conflict

25   with Judge Robart's ruling in the Consent Decree case.  This a red herring.  Judge Robart praised

26   the preliminary injunction in this case from the bench, and again in his order, and recognized that

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 3

149031763.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the injunction was consistent with the Consent Decree.  Ensuring that journalists, medics, legal

observers, and peaceful protesters aren't targeted with indiscriminate violence is entirely

consistent with the Consent Decree as interpreted by Judge Robart.

## C.      Courts have found contempt for less egregious violations of court orders.

Courts have found civil contempt under facts far less egregious than those present here

and have not hesitated to hold defendants in contempt when law enforcement officials violate a

court order.  *E.g.*, *Kelly v. Wengler*, 822 F.3d 1085, 1096-98 (9th Cir. 2016) (affirming order

holding prison in contempt for failing to take reasonable steps to fully staff security posts as

required settlement agreement and modifying settlement agreement to extend court's jurisdiction

as sanction); *Afro-Am. Patrolmen's League v. City of Atlanta*, 817 F.2d 719, 721 (11th Cir. 1987)

(affirming contempt finding against City for violating consent decree regarding discrimination in

police force); *Casale v. Kelly*, 710 F. Supp. 2d 347, 360 (S.D.N.Y. 2010) (holding City in civil

contempt because NYPD had not made "reasonably diligent and energetic efforts" to prevent

enforcement of unconstitutional loitering ordinance); *Farber v. Rizzo*, 363 F. Supp. 386, 395

(E.D. Pa. 1973) (holding Philadelphia Police Department in civil contempt for violating TRO to

protect the right to protest, rejecting defense that they received erroneous advice from counsel

about what the TRO prohibited).

The City asserts that "lay opinions" cannot form the basis for contempt.  This is a strange

and utterly wrong argument.  Describing how a police officer pepper sprayed a line of peaceful

mothers inflicted second-degree burns, or "pepper sprayed me in the face" for not walking fast

enough aren't lay opinions, they are *first-hand factual accounts, made under oath*.  The same is

true of the sworn testimony of journalists describing officers nonchalantly throwing grenades at

peaceful protesters and shooting indiscriminately into the crowd. And they are *unrebutted*

*accounts*.

The City's correct, however, that "the contempt need not be willful" in order to be

sanctionable *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  Plaintiffs

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149031763.3

1   only need to show, and have, that the City failed, through the objective conduct of its officers, to

2   take "all reasonable steps" to implement the plain meaning of the current preliminary injunction:

3   to refrain from deploying less lethal weapons indiscriminately, against peaceful protesters, and to

4   use them *only* if the deployment is a "necessary, reasonable, proportional, and *targeted* action to

5   protect against a *specific imminent* threat of physical harm to themselves or identifiable others or

6   to respond to specific acts of violence or destruction of property."  Dkt. 42, at 2.

7   **D.    Conclusion**

8          The City's violence was neither targeted nor proportional.  Rather than focus on

9   identifying a specific and imminent threat justifying each of SPD's many, many deployments of

10  potentially lethal weapons, the City's own declarants seem to argue that SPD regarded *everyone*

11  who did not follow their direction quickly enough (even when no directions were given, or, if

12  given, could not be heard or quickly complied with) as a threat, including mothers wielding

13  umbrellas, journalists holding cameras, and legal observers documenting the scene.  Having

14  made that determination, SPD allowed its officers to shoot indiscriminately into a crowd that the

15  City estimates contained 5,000 to 7,000 people, in most cases simply to move the crowd—that is

16  the antithesis of this Court's order.

17         Taken together, the Court should clarify its order to ensure these actions don't happen

18  again.  In addition, Plaintiffs seek a modest sanction (attorneys' fees for bringing this motion), a

19  request that is reasonable under these circumstances given the burdens on Plaintiffs to spring into

20  action in response to these violations.

21

22

23

24

25

26

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 5

149031763.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2 DATED: July 30, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By: s/ David A. Perez
By: s/ Joseph M. McMillan
By: s/ Carolyn S. Gilbert
By: s/ Nitika Arora
By: s/ Heath Hyatt
By: s/ Paige L. Whidbee
David A. Perez #43959
Joseph M. McMillan #26527
Carolyn S. Gilbert #51285
Nitika Arora #54084
Heath Hyatt, #54141
Paige L. Whidbee, # 55072

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  DPerez@perkinscoie.com
            JMcMillan@perkinscoie.com
            CarolynGilbert@perkinscoie.com
            NArora@perkinscoie.com
            HHyatt@perkinscoie.com
            PWhidbee@perkinscoie.com


By: s/ Molly Tack-Hooper
By: s/ Nancy L. Talner
By: s/ Lisa Nowlin
By: s/ Breanne Schuster
By: s/ John Midgley
Molly Tack-Hooper, #56356
Nancy L. Talner #11196
Lisa Nowlin #51512
Breanne Schuster #49993
John Midgley, #6511

**American Civil Liberties Union of
Washington Foundation**
P.O. Box 2728
Seattle, WA  98111
Telephone: (206) 624-2184
Email:  mtackhooper@aclu-wa.org
            talner@aclu-wa.org
            lnowlin@aclu-wa.org
            bschuster@aclu-wa.org
            jmidgley@aclu-wa.org

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 6

149031763.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2     By: s/ Robert S. Chang
       By: s/ Melissa Lee
3     By: s/ Jessica Levin
       Robert S. Chang, #44083
4     Melissa Lee #38808
       Jessica Levin #40837
5
6     **Fred T. Korematsu Center for Law and
       Equality**
7     Ronald A. Peterson Law Clinic
       Seattle University School of Law
8     1112 E. Columbia Street
       Seattle, WA  98122
9     Telephone: 206.398.4025
       Fax:  206.398.4077
10    Email:  changro@seattleu.edu

11    *Attorneys for Plaintiffs Black Lives Matter
       Seattle-King County, Abie Ekenezar, Sharon
12    Sakamoto, Muraco Kyashna-tochá, Alexander
       Woldeab, Nathalie Graham, and Alexandra
13    Chen*

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY MOTION FOR CONTEMPT (No
2:20-cv-887 RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149031763.3