HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT,<br><br>Defendant. | Case No. 2:20-cv-00887-RAJ<br><br>ORDER RE ORDER TO SHOW CAUSE HEARING ON JULY 31, 2020 |

The Court previously entered a preliminary injunction in this case. Dkt. # 42. Plaintiffs now request that this Court hold Defendant in contempt for violating that preliminary injunction. Dkt. # 51. To that end, Plaintiffs filed a Motion for Order to Show Cause Why City of Seattle Should Not Be Held in Contempt for Violating the Preliminary Injunction, *id.*, accompanied by several declarations, Dkt. ## 52-75, 79. Defendant responded to that motion, Dkt. # 78, and submitted several declarations of its own, Dkt. ## 80-84. The motion is set to be heard tomorrow, July 31, 2020.

In its response, Defendant cites due process concerns and asks the Court for additional time to "substantively respond" to Plaintiffs' charges. Dkt. # 78 at 4-5, 12-13. Without ruling on the underlying motion, the Court acknowledges that it must review

ORDER – 1

more than the parties' briefs and affidavits to determine if Defendant is in contempt of the Court's order.  A civil contempt proceeding is a trial, governed by Fed. R. Civ. P. 43(a), rather than a hearing on a motion, governed by Fed. R. Civ. P. 43(c).  *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 536 F.2d 1268, 1277 (9th Cir. 1976).  As such, a civil contempt proceeding may not ordinarily be tried on the basis of affidavits.  *Id.*  Of course, when "the affidavits offered in support of a finding of contempt are uncontroverted," a court need not "hold a full-blown evidentiary hearing."  *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998).  Instead, the court may "narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits."  *Id.* (quoting *Hoffman*, 536 F.2d at 1277).

Given that Defendant "controverts" much of Plaintiffs' evidence and that Defendant has raised due process concerns, the Court believes that an evidentiary hearing is warranted.  An in-person hearing, of course, is not feasible.  The courthouse in which this Court sits is currently closed, and the precise date of its reopening is uncertain.  Thus, tomorrow's hearing will not be for oral argument; rather, the Court will discuss the best way to proceed with an evidentiary hearing.  The parties should be ready to discuss the following list of non-exhaustive topics:

- The date of the hearing
- The length of the hearing;
- The format of the hearing;
- Preferred technology to conduct the hearing;
- Waiver of the hearing and, in lieu, a proceeding under the affidavits as described in *Peterson*, 140 F.3d at 1324;

/ / /

/ / /

ORDER – 2

- Defendant's plan regarding the 1394 Body Worn Videos described in Cesar Hidalgo-Landeros's declaration (Dkt. # 82).

DATED this 30th day of July, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3