THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | No. 2:20-cv-00887-RAJ<br><br>**[PROPOSED] ORDER GRANTING STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION** |

The Parties, Plaintiffs Black Lives Matter Seattle-King County, Abie Ekenezar, Sharon Sakamoto, Muraco Kyashna-Tocha, Alexander Woldeab, Nathalie Graham, and Alexandra Chen ("Plaintiffs") and Defendant, City of Seattle ("the City") hereby stipulate to and propose the following, subject to approval by the Court:

**FINDINGS**

1. On June 12, 2020, the Court granted Plaintiffs' motion for a temporary restraining order enjoining the City from using chemical irritants and projectiles against peaceful protesters. *See* ECF 34.

2. The temporary restraining order enjoined the City from "employing chemical irritants or projectiles of any kind against persons peacefully engaging in protests or demonstrations." ECF 34 ¶ 1. It noted that individual officers could take "necessary, reasonable, proportional, and targeted action to protect against a specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property" but that chemical irritants and projectiles could not be "deployed indiscriminately into a crowd" and, "to the extent reasonably possible, they should be targeted at the specific imminent threat" justifying their deployment. *Id.*

3. On June 17, 2020, the parties stipulated to a preliminary injunction with terms identical to the TRO extending the injunction through September 30, 2020. *See* ECF 42. The Court entered the agreed preliminary injunction.

4. On June 26, 2020, the Seattle City Council passed Ordinance 119805 banning the crowd control irritants at issue in this suit ("the CCW Ordinance").

5. In the evening of Friday, July 24, 2020, the Honorable James Robart granted an emergency motion by the Department of Justice to temporarily enjoin implementation of Ordinance 119805 until it could be reviewed under the terms of the consent decree entered in *United States v. City of Seattle*, No. 12-cv-01282-JLR (W.D. Wash). In granting the DOJ's motion for a TRO, Judge Robart identified that this Court's order "is the current *status quo*" with respect to crowd control weapons "and remains in effect." ECF 630, *United States v. City of Seattle*, No. 12-cv-01282-JLR (W.D. Wash).

6. The parties agree to **AMEND** the preliminary injunction (ECF 42) to include the following terms:

1. The City of Seattle, including the Seattle Police Department and any other officers, departments, agencies, or organizations under the Seattle Police Department's control (collectively, "the City"), are enjoined from:

   a. Using chemical irritants or projectiles of any kind to re-route a protest, unless such re-routing is necessary to prevent specific imminent threat of physical harm to themselves or identifiable others, or to respond to specific acts of violence or destruction of property;

   b. Using chemical irritants or projectiles of any kind without, when feasible, first issuing a warning that is reasonably calculated to alert attendees in the area where the weapons are to be deployed and allowing them reasonable time, space, and opportunity under the circumstances to leave the area;

   c. Targeting with chemical irritants or projectiles any individual displaying clear indicia as a Journalist or Legal Observer, as defined in sections 2 and 3, below, respectively, at such time(s) as the individual is acting lawfully and in a capacity such that the City knows or reasonably should know of their status. However, incidental exposure of these individuals which is related to allowable uses of these tools is not enjoined.

2. To facilitate the City's identification of Journalists protected under this Order, the term "Journalist" shall be synonymous with "news media" defined as follows: (a) Any newspaper, magazine or other periodical, book publisher, news agency, wire service, radio or television station or network, cable or satellite station or network, or audio or audiovisual production company, or any entity that is in the regular business of news gathering and disseminating news or information to the public by any means, including, but not limited to, print, broadcast, photographic, mechanical, internet, or electronic distribution; (b) Any person who is or has been an employee, agent, or independent contractor of any entity listed in (a) above, who is or

[PROPOSED] STIPULATED ORDER
(No. 2:20-cv-00887-RAJ) – 3

149174223.1

has been engaged in bona fide news gathering for such entity, and who obtained or prepared the news or information that is sought while serving in that capacity; or (c) Any parent, subsidiary, or affiliate of the entities listed in (a) or (b). The following shall be considered indicia of being a Journalist: visual identification as a member of the press, such as by displaying a professional or authorized press pass or wearing a professional or authorized press badge or some distinctive clothing that identifies the wearer as a member of the press. The City shall not be liable for unintentional violations of this Order in the case of an individual who does not carry a press pass or wear a press badge or distinctive clothing that identifies the wearer as a member of the press.

3. To facilitate the City's identification of Legal Observers protected under this Order, the following shall be considered indicia of being a Legal Observer: wearing a green National Lawyers' Guild issued or authorized Legal Observer hat and/or vest (a green NLG hat and/or black vest with green labels) or wearing a blue ACLU issued or authorized Legal Observer vest.

4. At such time(s) as they are acting lawfully and in a capacity such that the City knows or reasonably should know of their status, individuals with medical training who are actively providing medical assistance will be classified as "Medics" and will generally fall under the protections available under this Order to peaceful protesters. The following shall be considered identifying garb of Medics under this Order: wearing a blue or white vest or hat with the word "Medic" clearly displayed on the vest or hat or wearing medical scrubs (typically blue). The City shall not be liable for unintentional violations of this Order in the case of an individual who is not wearing the identifying garb of Medics or not acting in the capacity of a Medic as described in this Order.

5. The City shall not be liable for violating this Court's Preliminary Injunction (ECF 42) or the provisions of this Order if blast balls are used for reasons consistent with this Order or the Court's Preliminary Injunction but directed to an open space near the target individual(s) rather than at individuals.

6. The City shall ensure that a copy of this order is distributed via an ALL SPD e-mail to every Seattle Police Department officer within 24 hours of the issuance of this Order and certify to the Court that it has done so.

7. Declaring a protest to be an unlawful assembly or a riot does not exempt the City from its obligation to comply with this Order, where individual officers may take necessary, reasonable, proportional, and targeted action to protect against a specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property. To the extent that chemical irritants or projectiles are used in accordance with this paragraph, they shall not be deployed indiscriminately into a crowd and to the extent reasonably possible, they should be targeted at the specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property.

8. These provisions clarify the terms of this Court's Preliminary Injunction (ECF 42) and are hereby added to that Preliminary Injunction, the entirety of which remains fully in effect. To the extent that there is any apparent conflict between this Order and the Preliminary Injunction (ECF 42), the terms of this Order shall govern.

9. The parties further agree to stay all proceedings in this case, including case deadlines and all discovery, pending the review by the court in *United States v. City of Seattle* of the CCW Ordinance's validity and effect. The stay in this case will expire when Judge Robart issues an order with such ruling; within 24 hours of such order being issued the parties will jointly advise this Court of it. The parties further agree that the Preliminary Injunction, as amended by this Order, shall remain in effect for 90 days

after the stay in this case is lifted, unless otherwise vacated by the Court. Either party may move to amend or vacate the preliminary injunction after the stay is lifted.

10. The Stay does not affect Plaintiffs' ability to seek enforcement of the preliminary injunction, as amended by this Order.

11. Plaintiffs' Motion for Order to Show Cause is DISMISSED WITHOUT PREJUDICE, and the evidentiary hearing scheduled for August 26, 2020, is vacated.

IT IS SO ORDERED by the Court, this ___ of _____, 2020.

By: _____

HONORABLE RICHARD A. JONES
United States District Judge

[PROPOSED] STIPULATED ORDER
(No. 2:20-cv-00887-RAJ) – 6

149174223.1

| | |
|---|---|
| 1 | SUBMITTED BY: |
| 2 | DATED: August 9, 2020 |

|   |   |
|---|---|
| 3 | By: s/ David A. Perez |
|   | By: s/ Joseph M. McMillan |
| 4 | By: s/ Carolyn S. Gilbert |
|   | By: s/ Nitika Arora |
| 5 | By: s/ Heath Hyatt |
|   | By: s/ Paige L. Whidbee |
| 6 | David A. Perez #43959 |
|   | Joseph M. McMillan #26527 |
| 7 | Carolyn S. Gilbert #51285 |
|   | Nitika Arora #54084 |
|   | Heath Hyatt, #54141 |
| 8 | Paige L. Whidbee, # 55072 |

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DPerez@perkinscoie.com
JMcMillan@perkinscoie.com
CarolynGilbert@perkinscoie.com
NArora@perkinscoie.com
HHyatt@perkinscoie.com
PWhidbee@perkinscoie.com

By: s/ Molly Tack-Hooper
By: s/ Nancy L. Talner
By: s/ Lisa Nowlin
By: s/ Breanne Schuster
By: s/ John Midgley
Molly Tack-Hooper, #56356
Nancy L. Talner #11196
Lisa Nowlin #51512
Breanne Schuster #49993
John Midgley, #6511

American Civil Liberties Union of Washington Foundation
P.O. Box 2728
Seattle, WA 98111
Telephone: (206) 624-2184
Email: mtackhooper@aclu-wa.org
talner@aclu-wa.org
lnowlin@aclu-wa.org
bschuster@aclu-wa.org
jmidgley@aclu-wa.org

By: s/ Robert S. Chang

[PROPOSED] STIPULATED ORDER
(No. 2:20-cv-00887-RAJ) – 7

149174223.1

By: s/ Melissa Lee
By: s/ Jessica Levin
Robert S. Chang, #44083
Melissa Lee #38808
Jessica Levin #40837

Fred T. Korematsu Center for Law and Equality
Ronald A. Peterson Law Clinic
Seattle University School of Law
1112 E. Columbia Street
Seattle, WA  98122
Telephone: 206.398.4025
Fax:  206.398.4077
Email: changro@seattleu.edu

Attorneys for Plaintiffs Black Lives Matter Seattle-King County, Abie Ekenezar, Sharon Sakamoto, Muraco Kyashna-tochá, Alexander Woldeab, Nathalie Graham, and Alexandra Chen

```
                              By:  s/ Ghazal Sharifi
                              By:  s/ Carolyn Boies
                              Ghazal Sharifi, #47750
                              Carolyn Boies, #40395
```

**Seattle City Attorney's Office**
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
Telephone: (206) 684-8200
Email:  Ghazal.Sharifi@seattle.gov
           Carolyn.Boies@seattle.gov

*Attorneys for Defendant City of Seattle*

```
                              By:  s/ Robert L. Christie
                              By:  s/ Thomas P. Miller
                              By:  s/ Ann E. Trivett
                              By:  s/ Megan M. Coluccio
                              Robert L. Christie, #10895
                              Thomas P. Miller, #34473
                              Ann E. Trivett, #39228
                              Megan M. Coluccio, #44178
```

**Christie Law Group, PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Email:  bob@christielawgroup.com
    tom@christielawgroup.com
    ann@christielawgroup.com
    megan@christielawgroup.com

*Attorneys for Defendant City of Seattle*

[PROPOSED] STIPULATED ORDER
(No. 2:20-cv-00887-RAJ) – 9

149174223.1