The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,

                Plaintiffs,

vs.

CITY OF SEATTLE,

                Defendant.

No.   2:20-CV-00887

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION

I, David Puente, being over the age of 18 and competent to testify, declare that

(1) I am a detective for the Seattle Police Department.

(2) On August 10, 2020, I received a copy of the Court's signed and entered copy of the Parties' stipulated clarification of the preliminary injunction.

(3) The Order requires dissemination of the Court's order to "SPD ALL" within 24 hours of the entry of the Court's order.

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

(4) On August 11, 2020 at 9:36 a.m., I disseminated copies of the Court's June 17, 2020 Order and the Court's August 10, 2020 Orders to "SPD ALL" via e-mail.

> **Second Order Clarifying the Use of Less-Lethal Tools**
>
> SPD_aprs
> To: SPD_aprs
> Bcc: SPDALL
>
> Reply | Reply All | Forward
> Tue 8/11/2020 9:36 AM
>
> 📄 110 2020-08-10 O-Granting Stip Clarification of Preliminary Injunction.pdf
> 90 KB
>
> 📄 42 2020-06-17 SIGNED Order Entering the Preliminary Injunction.pdf
> 55 KB
>
> On June 17, 2020, Washington District Court Judge Richard Jones entered a temporary restraining order concerning the use of less lethal tools for crowd management purposes. That order was distributed by way of an email on that same date. On August 10, 2020, Judge Jones issued a second temporary restraining order that clarifies certain terms of the earlier issued order. Both are now effect.

(5) The e-mail requires all SPD personnel to read and abide by the Orders. The operative language of the Orders was also pasted in the body of the e-mails. A summary of the Orders was also provided.

(6) A true and correct copy of the e-mail is attached hereto as **Exhibit 1.**

DATED this 11th day of August, 2020.

By: _____
DAVID PUENTE

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 2

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

# Exhibit 1

**Puente, David**

| | |
|---|---|
| From: | SPD_aprs |
| Sent: | Tuesday, August 11, 2020 9:36 AM |
| To: | SPD_aprs |
| Subject: | Second Order Clarifying the Use of Less-Lethal Tools |
| Attachments: | 110  2020-08-10 O-Granting Stip Clarification of Preliminary Injunction.pdf; 42  2020-06-17 SIGNED Order Entering the Preliminary Injunction.pdf |

On June 17, 2020, Washington District Court Judge Richard Jones entered a temporary restraining order concerning the use of less lethal tools for crowd management purposes.  That order was distributed by way of an email on that same date. On August 10, 2020, Judge Jones issued a second temporary restraining order that clarifies certain terms of the earlier issued order. Both are now effect.

Pursuant to the terms of the second order which requires that it be distributed, within 24 hours, to SPDALL, a copy of each of the earlier order and the order issued on August 10th are attached to this email and inserted below.

**All SPD members are required to read each of these orders and be familiar with their terms.**

**June 17, 2020 Injunctive Language**:

The Seattle Police Department and any other officers, departments, agencies, or organizations under the Seattle Police Department's control (collectively, the City), is hereby enjoined from employing chemical irritants or projectiles of any kind against persons peacefully engaging in protests or demonstrations.

This injunction includes:

(1) any chemical irritant such as and including CS Gas (tear gas) and OC spray (pepper spray) and

(2) any projectile such as and including flash-bang grenades, pepper balls, blast balls, rubber bullets, and foam-tip projectiles.

This Order does not preclude individual officers from taking necessary, reasonable, proportional, and targeted action to protect against a specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property.

Further, tear gas may be used only if

(a) efforts to subdue a threat by using alternative crowd measures, including pepper spray, as permitted by this paragraph, have been exhausted and ineffective and

(b) SPD's Chief of Police has determined that use of tear gas is the only reasonable alternative available.

The Chief of Police may only authorize limited and targeted use of tear gas and must direct it to those causing violent or potentially life-threatening activity. To the extent that chemical irritants or projectiles are used in accordance with this paragraph, they shall not be deployed indiscriminately into a crowd and to the extent reasonably possible, they should be targeted at the specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property.

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 3

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**August 10, 2020 Injunction Language:**

1. The City of Seattle, including the Seattle Police Department and any other officers, departments, agencies, or organizations under the Seattle Police Department's control (collectively, "the City"), are enjoined from:

    a. Using chemical irritants or projectiles of any kind to re-route a protest, unless such re-routing is necessary to prevent specific imminent threat of physical harm to themselves or identifiable others, or to respond to specific acts of violence or destruction of property;

    b. Using chemical irritants or projectiles of any kind without, when feasible, first issuing a warning that is reasonably calculated to alert attendees in the area where the weapons are to be deployed and allowing them reasonable time, space, and opportunity under the circumstances to leave the area;

    c. Targeting with chemical irritants or projectiles any individual displaying clear indicia as a Journalist or Legal Observer, as defined in sections 2 and 3, below, respectively, at such time(s) as the individual is acting lawfully and in a capacity such that the City knows or reasonably should know of their status. However, incidental exposure of these individuals which is related to allowable uses of these tools is not enjoined.

2. To facilitate the City's identification of Journalists protected under this Order, the term "Journalist" shall be synonymous with "news media" defined as follows:

    (a) Any newspaper, magazine or other periodical, book publisher, news agency, wire service, radio or television station or network, cable or satellite station or network, or audio or audiovisual production company, or any entity that is in the regular business of news gathering and disseminating news or information to the public by any means, including, but not limited to, print, broadcast, photographic, mechanical, internet, or electronic distribution;

    (b) Any person who is or has been an employee, agent, or independent contractor of any entity listed in (a) above, who is or has been engaged in bona fide news gathering for such entity, and who obtained or prepared the news or information that is sought while serving in that capacity; or

    (c) Any parent, subsidiary, or affiliate of the entities listed in (a) or (b). The following shall be considered indicia of being a Journalist: visual identification as a member of the press, such as by displaying a professional or authorized press pass or wearing a professional or authorized press badge or some distinctive clothing that identifies the wearer as a member of the press. The City shall not be liable for unintentional violations of this Order in the case of an individual who does not carry a press pass or wear a press badge or distinctive clothing that identifies the wearer as a member of the press.

3. To facilitate the City's identification of Legal Observers protected under this Order, the following shall be considered indicia of being a Legal Observer: wearing a green National Lawyers' Guild issued or authorized Legal Observer hat and/or vest (a green NLG hat and/or black vest with green labels) or wearing a blue ACLU issued or authorized Legal Observer vest.

4. At such time(s) as they are acting lawfully and in a capacity such that the City knows or reasonably should know of their status, individuals with medical training who are actively providing medical assistance will be classified as "Medics" and will generally fall under the protections available under this Order to peaceful protesters. The following shall be considered identifying garb of Medics under this Order: wearing a blue or white vest or hat with the word "Medic" clearly displayed on the vest or hat or wearing medical scrubs (typically blue). The City shall not be liable for unintentional violations of this Order in the

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 4

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

case of an individual who is not wearing the identifying garb of Medics or not acting in the capacity of a Medic as described in this Order.

5. The City shall not be liable for violating this Court's Preliminary Injunction (ECF 42) or the provisions of this Order if blast balls are used for reasons consistent with this Order or the Court's Preliminary Injunction but directed to an open space near the target individual(s) rather than at individuals.

6. The City shall ensure that a copy of this order is distributed via an ALL SPD e-mail to every Seattle Police Department officer within 24 hours of the issuance of this Order and certify to the Court that it has done so.

7. Declaring a protest to be an unlawful assembly or a riot does not exempt the City from its obligation to comply with this Order, where individual officers may take necessary, reasonable, proportional, and targeted action to protect against a specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property. To the extent that chemical irritants or projectiles are used in accordance with this paragraph, they shall not be deployed indiscriminately into a crowd and to the extent reasonably possible, they should be targeted at the specific imminent threat of physical harm to themselves or identifiable others or to respond to specific acts of violence or destruction of property.

**Summary**

**A. WHEN LESS LETHAL TOOLS MAY BE USED:**

- TEAR GAS: ONLY with approval of the Chief of Police

- OC SPRAY or Projectiles (including Blast balls): To protect against a specific imminent threat of physical harm to you or identifiable others OR to respond to specific acts of violence or destruction of property

**B. WHEN AUTHORIZED, HOW CHEMICAL IRRITANTS AND PROJECTILES SHOULD BE USED:**

- After issuing a warning (when feasible) that is reasonably calculated to alert attendees in the area where the weapons are to be deployed and allowing them reasonable time, space, and opportunity under the circumstances to leave the area

- In a necessary, reasonable, proportional, and targeted action

- No indiscriminate deployment into a crowd

- Targeted at the specific imminent threat to the extent reasonably possible, except that blast balls may be directed to an open space near the target individual(s) rather than at individuals

**C. RE-ROUTING PROTESTS AND/OR DISPERSAL ORDERS FOLLOWING DECLARATION OF RIOT OR UNLAWFUL ASSEMBLY**

- As in Section A, to protect against specific imminent threat of physical harm or to respond to specific acts of violence or destruction of property

**D. JOURNALISTS, LEGAL OBSERVERS and MEDICS:**

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 5

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

- Journalists, Legal Observers, and Medics acting lawfully and in a capacity that officers know or reasonably should know of their status should not be targeted because of their roles. The targeted use of crowd control tools permitted as described above in Section A.

- ***Physical indicators of journalists, legal observers, medics -***

<u>Journalists</u> should be displaying a press pass, badge or clothing that identifies them as journalists

<u>Legal observers</u>:

- wearing a green National Lawyers' Guild issued or authorized Legal Observer hat and/or vest (a green NLG hat and/or black vest with green labels) or

- wearing a blue ACLU issued or authorized Legal Observer vest

<u>Medics</u> will be wearing a blue or white vest or hat with the word "Medic" clearly displayed on the vest or hat or wearing medical scrubs (typically blue).



**Seattle Police Department
Audit, Policy and Research Section**
spd_aprs@seattle.gov
**206-684-4116
610 5th Ave
Seattle, WA 98124**

DECLARATION OF DAVID PUENTE CERTIFYING DISSEMINATION OF COURT'S AUGUST 10, 2020 STIPULATED CLARIFICATION OF PRELIMINARY INJUNCTION (20-cv-00887RAJ) - 6

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200