THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

NO. 2:20-cv-00887

DECLARATION OF GHAZAL SHARIFI

I, GHAZAL SHARIFI, hereby declare as follows:

1. I am over the age of eighteen years and am a citizen of the United States. I have personal knowledge of the facts set forth herein and am competent to testify to them at trial.

2. I am one of the attorneys of record for the City of Seattle ("The City") in this matter.

*Procedural Background*

3. On August 28, 2020, Plaintiffs' counsel sent a letter to the City requesting information regarding SPD's use of CCWs at a demonstration in the Eastlake neighborhood on

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

August 26 and how City viewed its response as consistent with the Court's Orders. (Dkt. 115 at Ex. A). The letter did not mention a motion for contempt.

4. On September 4, the City timely replied with the detailed information requested. (Dkt. 115 at Ex. B.) Plaintiffs' counsel did not respond to the City's September 4 letter, nor did they request additional information or a meet and confer with respect to any issues arising from the August 26 demonstration.

5. On September 9, 2020, Plaintiffs' counsel sent a letter to the City requesting information regarding SPD's use of CCWs at a demonstration near the Seattle Police Officer's Guild ("SPOG") building on September 7. (Dkt. 115 at Ex. C). The letter requested information about the CCWs deployed and how the City viewed its response as consistent with the Court's Orders. The letter indicated that Plaintiffs were considering asking the Court to reopen contempt proceedings against the City.

6. On September 11, the City promptly replied with the requested information. (Dkt. 115 at Ex. D). Plaintiffs' counsel did not respond to the City's September 11 letter, request additional information, or schedule a conference to discuss the issues raised.

7. On Thursday, September 24, 2020, Plaintiffs' counsel sent another letter, requesting information regarding SPD's use of CCWs at demonstrations taking place in the Capitol Hill neighborhood over September 22 and 23. (Dkt. 115 at Ex. E). In addition to seeking detailed information, Plaintiffs' counsel made a number of claims against the City beyond the scope of the Court's Orders, essentially demanding concessions of civil liability with respect to allegations of excessive force under the Fourth Amendment.

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 2

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

8.      The City's counsel acknowledged receipt of the letter on Friday, September 25, 2020, and indicated that a response would be forthcoming the following week. Attached hereto as **Exhibit A** is a true and correct copy of the September 25, 2020 email from the City's counsel Carolyn Boies to Plaintiffs' counsel. The City immediately thereafter began compiling information and preparing its response.

9.      At 6:30 a.m. on Tuesday, September 29, 2020, Plaintiffs' counsel sent an email requesting to meet and confer with the City that day about their "forthcoming motion for contempt." Attached hereto as **Exhibit B** is a true and correct copy of the September 29, 2020 email from Plaintiffs' counsel David Perez. Plaintiffs did not provide any details on the basis of the motion or their requested relief. The City's counsel responded and indicated that its work responding to the September 24 letter would be paused, as it appeared Plaintiffs' counsel had changed their mind about their request for information. Attached hereto as **Exhibit C** is a true and correct copy of the September 29, 2020 email I sent in response to Mr. Perez's email.

10.     A conference was scheduled for the same day, with Plaintiffs' counsel expecting "it will be a short call, as it seems that we fundamentally disagree about whether SPD's tactics involving less-lethal weapons are consistent with the Court's orders." Attached as **Exhibit D** is a true and correct copy of the September 29, 2020 email from Plaintiffs' counsel Molly Tack-Hooper.

11.     During the telephonic conference on September 29, Plaintiffs informed the City they would be filing the subject motion based on events taking place on August 26 and September 7, 22, and 23. Given the volume of relevant evidence and the significant effort necessary to

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 3

**Christie Law Group, PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

respond to the July motion for contempt, which only dealt with one specific demonstration, the City suggested the parties request a status conference with the Court to address the timing of a substantive response and next steps. While the parties were in agreement that such a conference would be beneficial, Plaintiffs' counsel preferred the conference take place after the City filed an initial response to their motion for contempt. Attached hereto as **Exhibit E** is the 6:07 p.m. email sent by Plaintiffs' counsel Molly Tack-Hooper on September 29, 2020. Plaintiffs' counsel did agree to provide the City with 48 hours (an additional 24 hours) to file that response. Plaintiffs' counsel did not notify the City about the relief they would be seeking in addition to a finding of contempt, and therefore the parties did not have an opportunity to meet and confer regarding the requested set forth in Plaintiffs' proposed order.

12. Plaintiffs filed the subject motion on September 30, 2020. Twenty declarations were filed, incorporating significant video clips. Some of these videos were not previously provided to the City in the aforementioned correspondence preceding this filing. (*Compare* Dkt. 116 at ¶14; Dkt. 118 at ¶12; with Dkt. 115 at Ex. A; *compare* Dkt. 130 at ¶8 with Dkt. 115 at Ex. C; *compare* Dkt. 133 at ¶23 with Dkt. 115 at Ex. E). The motion seeks relief beyond the scope of the Court's Order. During the parties' meet and confer on September 29, 2020, Plaintiffs' counsel did not raise the relief sought beyond a finding of contempt. *See* Dkt. 115 at 10-11. Thus, the parties have not meaningfully met and conferred.

***The City and the Seattle Police Department's Review Process***

13. As required by the federal Consent Decree, the Seattle Police Department has extensive procedures in place to ensure the integrity of its internal force reporting and review

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 4

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

systems. All uses of force are reported by officers and reviewed by their chain of command. See section 8.400-8.500 of the Seattle Police Manual, available at https://www.seattle.gov/police-manual/title-8

14. Under SPD Manual Section 8.500-POL-2(4), officers have 30 days from the date force is used to complete their use of force reports and for sergeants to review. They can also request extensions to this deadline.

15. For all serious uses of force, a supervisor or a team of specialized detectives responds to the scene to investigate. SPM § 8.400-POL-4 & POL-5. In this context, serious force means any force that causes or is reasonably expected to cause physical injury greater than transitory pain. *See* SPM § 8.050. After each investigation is complete, SPD's Force Review Board determines whether the force complied with policy, training, and tactics, and makes recommendations, if necessary, for systemic changes. SPM § 8.500-POL-4. Throughout this process, the chain of command and the Force Review Board both make referrals to the Office of Police Accountability (OPA) for disciplinary investigations as appropriate. SPM § 8.500-POL-4(10) & 5.002-POL-5 & POL-6.

16. OPA is an independent, civilian-led agency that investigates allegations of misconduct against individual police officers. Accountability Ordinance, § 3.29.100(B) & 3.29.010(B) (available at https://www.seattle.gov/Documents/Departments/OPA/Legislation/2017AccountabilityOrdinance_052217.pdf). The City established OPA as an independent oversight system, to ensure that SPD officers and non-commissioned personnel abide by the spirit and letter of the laws and policies

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

governing their actions. OPA is part of a three-pronged oversight system, implemented pursuant to the goals of the 2012 Consent Decree, along with its accountability partners the Office of the Inspector General for Public Safety (OIG) and the Community Police Commission (CPC). OPA helps ensure that the actions of SPD employees are constitutional and in compliance with federal laws, state laws, local laws, and with City and SPD policies, and to promote respectful and effective policing by initiating, receiving, classifying, investigating, and making findings related to misconduct. The OIG helps ensure the fairness and integrity of the police system as a whole in its delivery of law enforcement services by providing civilian auditing of the management, practices, and policies of SPD and OPA and oversee ongoing reforms. CPC helps ensure public confidence in the effectiveness and professionalism of SPD and the responsiveness of the accountability system, amongst other goals. *See generally,* Accountability Ordinance, § 3.29.100.

17. Complaints of misconduct involving an SPD employee officer can be made directly by anyone, whether it be a member of the public or from an internal referral and are accepted by whatever means they are communicated to OPA. All SPD employees have a duty to refer possible misconduct of which they are aware to OPA and may do so either directly or through a supervisor. When a complaint is received, confirmation is sent to the complainant, and within five days, notification is set to the named employee, their supervisor, and their bargaining unit. (*See* OPA Internal Operations and Training Manual, https://www.seattle.gov/Documents/Departments/OPA/manuals/2016_04_01_OPA_Manual_Court_Approved.pdf). The status of the complaint can be checked on the OPA's website at any time (*See* https://www.seattle.gov/opa/case-data).

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 6

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

18. The following is a condensed synopsis of the OPA process, which is documented in detail in the Internal Operations and Training Manual.[1] Upon receipt of a complaint, OPA undertakes a preliminary investigation, gathering basic information about the incident, including who was involved, what happened, the location, time, how the alleged misconduct came to light, and why it happened. Within 30 days OPA must issue a classification report, listing all allegations, identifying the complainant, SPD employees, witnesses, a brief factual summary of the incident and allegations made, and listing the SPD Manual Section(s) implicated. The report will note whether a complaint is classified for Supervisor Action or an OPA Investigation. A Supervisor Action classification is used for conduct that either was not a violation of policy or was a minor violation of policy that may be addressed through education, communication, counseling or coaching. Allegations of excessive or unnecessary force, biased policing, and criminal behavior are automatically classified for a full investigation.

19. When a case is classified for investigation, an OPA Lieutenant assigns it to an OPA Investigator. The default time limit to complete an investigation is 60 days, which may be lengthened or shortened depending on the complexity of the allegations and other factors. The OPA investigation process involves a complete review of key sources of evidence including witness interviews/statements, documentary evidence including all SPD related reports, physical evidence including BWV, cell phone video, video and/or audio from the scene (e.g. security

---

[1] Available at: https://www.seattle.gov/Documents/Departments/OPA/manuals/2016_04_01_OPA_Manual_Court_Approved.pdf

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 7

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

footage) or taken from witnesses (e.g. videos posted to social media). A timeline and schedule for the investigation is set. Interviews are scheduled and are recorded.

20. An investigation must be completed and findings issued within 180 days. Certain circumstances allow OPA to request an extension to the 180-day timeline or "toll" the timeline. An extension may occur, for example, when the case has been referred to an external agency for criminal investigation, when witnesses may be unavailable, or for another reason beyond the control of SPD. Once the investigation is completed, it is certified by the OPA Director and OPA Auditor. The OPA Director then makes a recommended finding, i.e. Sustained, Not Sustained, or Training Referral, on each allegation which is provided to the Chain of Command via the Director's Certification Memorandum for comment.

21. All of OPA's investigations are reviewed by the OIG for Public Safety which makes a determination as to whether the investigation was objective, thorough, and timely. *Id.* § 3.29.240(C). Once OPA's investigation and the OIG's review are complete, then OPA provides the Chief of Police with case analysis and recommended disciplinary findings, if any. *Id.* § 3.29.135. An appeal process also exists. (*See* OPA Internal Operations and Training Manual, fn. 1).

22. As of the date of this declaration, OPA is handling around 121 cases and around 20,000 complaints since widespread protests began taking place nearly daily across the City. A separate complaint dashboard has been established on the OPA website for complaints stemming from any 2020 demonstration event. (https://www.seattle.gov/opa/case-data/demonstration-complaint-dashboard).

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 8

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

23. The OPA process provides transparent, thorough, and objective investigations of complaints of possible misconduct. The process provides a complete story of the incidents that are the subject of complaints. The OPA process demonstrates the unreliability of a single video or perspective of a given event in the context of a broader, dynamic situation provided by, in this instance, crowds of individuals, including some bad actor's intent on harming peaceful protestors, property, and members of the police department.[2]

24. Further, in their motion, Plaintiffs highlight for the Court the highly publicized video of a SPD bike officer appeared to roll over the head of an individual on the ground. In accordance with SPD policy, this incident was immediately addressed by SPD command staff and later referred by OPA to the King County Sheriff's Office for an independent criminal investigation. *See* https://spdblotter.seattle.gov/2020/09/24/bike-officer-placed-on-leave-opa-sheriffs-office-conducting-reviews/.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

SIGNED in Seattle, Washington, this 2nd day of October, 2020.

_____
GHAZAL SHARIFI

---

[2] *See* OPA determinations following intense public scrutiny and unprecedented number of complaints resulting from viral video clips. OPA investigated with other videos, interviews, and records review reaching sustained and not sustained findings. *See* https://www.seattle.gov/opa/case-data/demonstration-complaint-dashboard.

DECLARATION OF GHAZAL SHARIFI
(2:20-CV-00887) - 9

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669