HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT, <br><br> Defendant. | Case No.  2:20-cv-00887-RAJ <br><br> ORDER |

The Court previously entered a preliminary injunction in this case. Dkt. # 42. On July 27, 2020, Plaintiffs requested that this Court hold Defendant in contempt for violating that preliminary injunction. Dkt. # 51. To that end, Plaintiffs filed a Motion for Order to Show Cause Why City of Seattle Should Not Be Held in Contempt for Violating the Preliminary Injunction, *id.*, which Defendant responded to, Dkt. # 78. The motion was initially set for an evidentiary hearing. Dkt. # 90. Later, however, the parties agreed to clarify the preliminary injunction, and the Court dismissed the motion and vacated the evidentiary hearing. Dkt. # 110.

On September 30, 2020, Plaintiffs filed another contempt motion, citing several new violations of the preliminary injunction. Dkt. # 114. The City responded to that

ORDER – 1

motion. Dkt. # 135. Per the Court's instructions, the parties submitted a joint statement explaining how they would like to proceed. Dkt. # 141. The Court has reviewed that joint statement, heard the parties' arguments, and **ORDERS** that the resolution of Plaintiff's (Second) Motion for Order to Show Cause Why City of Seattle Should Not Be Held in Contempt ("Motion") shall proceed as follows:

- Per the parties' agreement, the Court shall consider the Motion based entirely on written submissions, without any live testimony.

- Defendant shall file its Response to the Motion along with all supporting declarations and video/photographic evidence by **November 2, 2020**.

- Regarding any video that is only a partial recording that Defendant submits to the Court, Defendant shall provide to Plaintiffs an extended clip that includes 60 seconds before and after the section submitted. One exception, however: for any Seattle Police Officer Guild surveillance video that Defendant submits to the Court, Defendant shall provide to Plaintiffs an extended clip that includes five minutes before and after the section submitted.

- The Court denies Plaintiffs' request that Defendants provide to Plaintiffs any other relevant video evidence that Defendant discovers in its review of videos even if it chooses not to include this video evidence in its submission to the Court.

- Per the parties' agreement, Defendants shall submit all supplemental videos to Plaintiffs contemporaneously with Defendant's submission to the Court. Consistent with LCR 5(g) Defendant shall arrange to meet and confer with Plaintiffs should it believe that any response materials should be filed under seal.

- Plaintiffs shall have **7 calendar days** after receiving Defendant's Response to file any Reply brief and rebuttal evidence.

- Defendant shall have **7 calendar days** after receiving plaintiffs' Reply to file any Surreply brief and evidence strictly limited to addressing only declarations from new individuals or other new evidence filed on Reply.

- As they relate to this Motion, all past and future video evidence submitted must be stored on a flash drive and submitted to this Court. For each submission, the parties shall provide the Court with **three** flash drive copies.

ORDER – 2

- Per the parties' agreement, the Court bifurcates these proceedings. The Court shall first consider whether or not the City has violated this Court's Stipulated Order Entering a Preliminary Injunction (Dkt. # 42) or its Order Granting Stipulated Clarification of Preliminary Injunction (Dkt. # 110). Later, the Court will determine whether and how the Court will address any issue of sanctions.

DATED this 22nd day of October, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3