THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | No. 2:20-CV-00887-RAJ<br><br>PLAINTIFFS' PETITION FOR ATTORNEYS FEES<br><br>NOTE ON MOTION CALENDAR: December 25, 2020 |

The Court's December 15, 2020 Order directed Plaintiffs to submit a supplemental petition for attorneys' fees detailing the fees incurred in preparing and filing their Motion to Hold the City in Contempt (ECF 114) and the Motion for Sanctions (ECF 164). Plaintiffs request that the Court award $263,708.50 for counsel's work on these motions. Plaintiffs arrived at this figure using the lodestar method—which carries a strong presumption that the amount requested is a reasonable fee—and the request is supported by attorney declarations included herewith.

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150503132.2

## I. FACTUAL BACKGROUND

Plaintiffs brought a Motion for Order to Show Cause Why the City of Seattle Should Not Be Held in Contempt ("Contempt Motion") on September 30, 2020. ECF No. 114. The Contempt Motion spanned four separate dates of protest: August 26, September 7, September 22, and September 23. *Id.* The investigation was highly fact-intensive. Plaintiffs included nineteen (19) declarations from witnesses and a declaration by David Perez attaching correspondence between Plaintiffs and the City regarding these four protests. ECF Nos. 115-134. The City responded with additional declarations and video footage of the protest events in support of its Response Motion. ECF Nos. 135-139, 144-146. On November 18, 2020, the Court heard oral argument on Plaintiffs' Contempt Motion.

The Court granted Plaintiffs' Contempt Motion in part and held the City in civil contempt. ECF 161. The Court noted that the protests were "complex" and "dynamic" involving "[h]undreds of protesters, dozens of police officers, and countless projectiles[.]" *Id.* at 2. This Court found that SPD violated the Court's Orders on September 7, September 22, and twice on September 23. ECF 161 at 15, 20-21. Further, and significantly, the Court found that the City complied with the Orders by using less-lethal weapons on only four occasions, deeming the remaining uses of force "too close to call." *Id.* at 15, 26.

The Court directed Plaintiffs to submit a brief and proposed order supporting their proposed sanction by December 11, 2020. *Id.* Plaintiffs did so ("Sanctions Motion"). ECF 164. In their Sanctions Motion, Plaintiffs requested that this Court award Plaintiffs reasonable attorneys' fees incurred in connection with the Contempt Motion and the Sanctions Motion. *See id.* On December 15, this Court directed Plaintiffs to submit a supplemental Petition for Attorneys' Fees.

Plaintiffs submit four declarations in support of this petition. First, the Declaration of David Perez ("Perez Decl.) attaches copies of all Perkins Coie time entries for which Plaintiffs seek to recover. *See* Perez Decl., ¶ 5; Ex. A. Perkins Coie attorneys in this matter included lead

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150503132.2

counsel David Perez, associates Carolyn Gilbert, Rachel Haney, Rachel Dallal, Malori McGill, Delaney Butler, and Caitlin Hoeberlein, and paralegal Kiyomi Robinson.  Their 2020 hourly rates range between $270 and $785.  *Id.* at ¶¶ 4, 6-13; Ex. A.  Second, the Declaration of James Williams ("Williams Decl.") establishes that these attorneys' rates are within the range of market rates for their skill and experience level.  *See* Williams Decl. ¶ 7.

Third, the Declaration of Lisa Nowlin ("Nowlin Decl."), Staff Attorney with the American Civil Liberties Union of Washington Foundation, also supports this petition.  ACLU attorneys in this matter included Ms. Nowlin and Senior Staff Attorney Molly Tack-Hooper. Nowlin Decl., ¶¶ 10-11; Ex. A; Ex. B.   Ms. Nowlin's hourly rate is $400; Ms. Tack-Hooper's hourly rate is $500.  *Id.*, ¶¶ 5, 8.  These rates are based on Ms. Nowlin's and Ms. Tack-Hooper's extensive experience and expertise in civil rights litigation.  *Id.*

Finally, Plaintiffs submit the Declaration of Professor Robert S. Chang ("Chang Decl."), Professor of Law at Seattle University School of Law and founder and Executive Director of the Fred T. Korematsu Center for Law and Equality, a Civil Rights Clinic, at Seattle University School of Law.  Under Professor Chang's leadership, the Korematsu Center is engaged in civil rights advocacy in state and federal courts around the country.  *Id.*, ¶ 7.  Professor Chang's hourly rate is $650, a figure based on his extensive experience and expertise.  *Id.*, ¶ 11.

## II.     ARGUMENT

### A.     The lodestar method establishes a presumptively reasonable fee.

To determine whether the requested fees are reasonable, the Ninth Circuit applies the "lodestar method," multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation.  *Gonzales v. City of Maywood*, 729 F.3d 1196, 1201 (9th Cir. 2013); *see also Hensley v. Exkerhard*, 461 U.S. 424, 433 (1983).  There is a "strong presumption" that the lodestar amount constitutes a "reasonable" fee.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  Thus, "it should only be enhanced or reduced in rare and exceptional cases."

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –3

150503132.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (internal quotation marks omitted).

### B. Plaintiffs' counsel's fees are reasonable.

Reasonable fees are calculated according to "prevailing market rates in the relevant community" given "the experience, skill, and reputation of an attorney." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). This is "regardless of whether the plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant legal community" is typically the forum district. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Thus, in assessing the rates requested by Plaintiffs' attorneys here, the Court should look to market rates in the Western District of Washington.

Plaintiffs can establish their fees by submitting documentary evidence supporting the hours worked and fees claimed. *Hensley*, 461 U.S. at 433. "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal marks omitted) (quoting *United Steelworks of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiffs submit declarations and exhibits from Mr. Perez, the attorney at Perkins Coie managing the case; Mr. Williams, Managing Partner at Perkins Coie; Ms. Nowlin, senior attorney with the ACLU; and Professor Chang, Executive Director of the Korematsu Center, in support of this motion.

The reasonableness of Plaintiffs' attorneys' rates is also established by rulings from this jurisdiction. *See, e.g.*, *Thomas v. Cannon*, No. 3:15-cv-05346-BJR, 2018 WL 1517661, at *2 (W.D. Wash. Mar. 28, 2018) (awarding hourly rates in civil rights case of $625 (partner) and $350 (associate), noting a 2013 survey showing, "for the Seattle market, Perkins Coie, a large international law firm, charges … $405 per hour for associate average"); *Wilbur v. City of Mt. Vernon*, No. 2:11-cv-01100-RSL, 2014 WL 11961980 (W.D. Wash. Apr. 15, 2014) (approving a

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –4

150503132.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Perkins Coie partner hourly rate of $580 in civil rights litigation in 2011-13 as "generally within the prevailing market range").

### C. The time Plaintiffs' counsel spent litigating the motion and the fee award requested are reasonable.

Plaintiffs' counsel collectively spent 485.45 hours to prepare and file the Motion to Hold the City in Contempt, the reply brief in support of the same, and the Motion for Sanctions. The Declarations of Mr. Perez, Ms. Nowlin, and Professor Chang, submitted herewith, attach the documentation of the time spent strategizing, preparing, and filing the Motions. *See Hensley*, 461 U.S. at 433 (explaining that the party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting the fee request); *Thomas v. Cannon*, No. 3:15-05346 BJR, 2018 WL 1517662, at *1 (W.D. Wash. Mar. 28, 2018) ("As a general rule, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.") (internal quotation marks omitted).

Plaintiffs request $263,708.50 for 485.45 hours of work at hourly rates of $270 to $785. The requested fee is presumptively reasonable because it is based on the lodestar method. The fee award is also reasonable in light of the complexity and fact-intensive nature of the Contempt Motion. As the Court observed: "To be sure, the protests were much more complex and dynamic than set forth in this Order. Hundreds of protesters, dozens of police officers, and countless projectiles exchanged between them make it nearly impossible to render a comprehensive factual account." ECF 161 at 2.

### D. Plaintiffs are entitled to fees for time spent litigating the entire motion.

In determining fees, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. 424, 436. Success can be measured by the degree the Plaintiff's suit has accomplished the outcome sought, including accomplishing a public goal or public purpose with the litigation. *Klein v. City of Laguna Beach*, 810 F.3d 693, 702 n.8 (9th Cir. 2016); *see also Morales v. City of San Rafael*, 96 F.3d 359, 364-35 (9th Cir. 1996) (holding a verdict establishing a deterrent to

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –5

150503132.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

unconstitutional law enforcement practices serves a significant public policy interest). Plaintiffs' efforts have resulted in this Court finding certain SPD actions to be in violation of the Preliminary Injunction, which has provided crucial guidance to the City so that it can take necessary steps to avoid future violations. Plaintiffs' success in establishing violations advances the important public policy interest of helping to ensure that people can engage in peaceful protest.

Plaintiffs seek fees for all claims brought under the Contempt Motion. "A plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440. This district has awarded attorney fees for a verdict that shone a light on improper police practices even when the plaintiff lost all but one claim. *White v. City of Tacoma*, No. C12-5987 RBL, 2014 WL 4199789 (W.D. Wash. Aug. 22, 2014) (finding deaf plaintiff's false arrest was both legally significant and accomplished some public goal). Plaintiffs' claims are related because they involve a "common core of facts or are based on related legal theories," and Plaintiffs' therefore should recover reasonable fees for prosecuting those claims. *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005). Plaintiffs' award should not be limited by instances the court deems too close to call, because the effort necessary to monitor the Defendant for compliance is inseparable between successful and unsuccessful claims.

### III.   CONCLUSION

Plaintiffs respectfully request the Court award $263,708.50; this figure represents the reasonable attorneys' fees incurred in litigating Plaintiffs' Motion to Hold the City in Contempt and Motion for Sanctions. Plaintiffs further request that this amount be paid within 30 days of the Court's order.

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –6

150503132.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: December 17, 2020

By: s/ David A. Perez
By: s/ Carolyn S. Gilbert
By: s/ Rachel A.S. Haney
David A. Perez #43959
Carolyn S. Gilbert #51285
Rachel A.S. Haney #52637
Attorneys for Plaintiffs Black Lives Matter Seattle King County
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DPerez@perkinscoie.com
       CarolynGilbert@perkinscoie.com
       RHaney@perkinscoie.com

By: s/ Nancy L. Talner
By: s/ Lisa Nowlin
By: s/ Breanne Schuster
By: s/ John Midgley
Nancy L. Talner #11196
Lisa Nowlin #51512
Breanne Schuster #49993
John Midgley #6511

**American Civil Liberties Union of Washington Foundation**
P.O. Box 2728
Seattle, WA  98111
Telephone: (206) 624-2184
Email: talner@aclu-wa.org
       lnowlin@aclu-wa.org
       bschuster@aclu-wa.org
       jmidgley@aclu-wa.org

By: s/ Robert S. Chang
By: s/ Melissa Lee
By: s/ Jessica Levin
Robert S. Chang, #44083
Melissa Lee #38808
Jessica Levin #40837

**Fred T. Korematsu Center for Law and Equality**
Ronald A. Peterson Law Clinic
Seattle University School of Law
1112 E. Columbia Street

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150503132.2

Seattle, WA  98122
Telephone: 206.398.4025
Fax:  206.398.4077
Email: changro@seattleu.edu

*Attorneys for Plaintiffs Black Lives Matter Seattle-King County, Abie Ekenezar, Sharon Sakamoto, Muraco Kyashna-tochá, Alexander Woldeab, Nathalie Graham, and Alexandra Chen*

PETITION FOR ATTORNEYS FEES
(No. 2:20-CV-00887-RAJ) –8

150503132.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000