The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,

Plaintiffs,

vs.

CITY OF SEATTLE,

Defendant.

No.   2:20-CV-00887 RAJ

CITY OF SEATTLE'S RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

NOTE ON MOTION CALENDAR: DECEMBER 25, 2020

/
/
/
/
/
/
/

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I. INTRODUCTION

"The purpose of civil contempt remedies is to "coerce the defendant into compliance with the court's order." *N.L.R.B. v. James Troutman & Assocs.,* No. 86-7738, 1994 WL 397338, at *7 (9th Cir. Jan. 7, 1994). Even in Plaintiffs brief requesting relief, the Plaintiffs fail to identify even one measure that the City should have, but did not, take to achieve compliance. Instead of remedial relief that will bring about compliance, Plaintiffs' primary recommendation is a post-deployment use of force monitoring system to compete with the elaborate accountability system already put in place through the Consent Decree. In a system that is already thoroughly transparent (*See* Boies Dec., ¶ 2), reporting requirements *to the Plaintiffs* do nothing to advance compliance.

The City objects to the awarding of remedial relief in this matter because Plaintiffs failed to meet their burden under *Monell* and, moreover, the City substantially complied. The City further objects to the awarding of remedial or other coercive relief because the City affirmatively took the appropriate remedial measures. To the extent this Court intends to award injunctive relief or modify its previous injunctive orders, then the specific relief proposed by Plaintiffs is not legally appropriate, because it is not remedial or designed to advance compliance. Plaintiffs' fee petition is excessive.[1] The requested remedy of a specific five-day reporting system is impossible for the City to comply with. Without waiving any objections, the City requests that if relief is awarded, it be: (1) reasonably time limited, (2) actually remedial, and (3) not burdensome and/or impossible.

## II. ARGUMENTS

### A. Plaintiffs' Requested Relief.

Plaintiffs' requested contempt remedy is as follows: (1) disseminate the order to SPD and "clear instructions about what conduct is prohibited, that any future occurrence will trigger negative

---

[1] This is addressed in a separate pleading responding to Plaintiffs' filed fee petition.


CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 2

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

consequences, and what those negative consequences might entail;" (2) enable Plaintiffs to act as force monitors *post-deployment* with the City submitting use of force reports and "relevant" body worn video within five days of occurrence. Plaintiffs further demand: "Each Use of Force Report will include:

> who deployed the less-lethal weapon, when the deployment occurred, how many less-lethal weapons were deployed, and an explanation by reference to the terms of the Court's Orders about why the less-lethal weapon was used. The body worn video shall include, at a minimum, the 90 seconds preceding and succeeding the deployment of each less-lethal weapon. The City shall confer with Plaintiffs about providing documentary evidence beyond these requirements in specific cases where more information is appropriate

(Dkt. 164-1); and (3) nearly $264,000 in fees and costs.

**B. City's Proactive Remedial Response.**

The Court recognized the measures the City has already taken in continuous dissemination of the preliminary injunction, ongoing roll-call training with officers, and discussions of the Court's injunctive order. (Dkt. 161, p. 25). The City continued this pattern following the Court's Contempt Order. Within a day of the Order being issued, well before Plaintiffs filed their requested remedies, the Court's Contempt Order was disseminated to SPD command and relevant commanders with legal guidance on the Court's Order. (Boies Dec., ¶ 3). Additionally, guidance from the Court's Contempt Order has been woven into operational guidance for specific events – including the emphasis on continuing to follow the Court's injunction, responding with Less Lethal Weapons ("LLWs") to targeted threats, ceasing once the threat has diminished or ended. (Boies Dec., ¶ 4). SPD commanders emphasize the need for officers to provide detailed narratives in use of force reports to further reinforce the required elements of LLWs at demonstration events. (*Id.*). Finally, as a follow-up to the Court's Order, counsel for the City also verified whether the events/event dates at issue are before the City's accountability system. OPA is currently investigating and evaluating conduct from the days

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 3

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

at issue. (Boies Dec., ¶ 5).

"A party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction. *N.L.R.B. v. James Troutman & Assocs.*, No. 86-7738, 1994 WL 397338, at *7 (9th Cir. Jan. 7, 1994) (citing *Young v. United States ex rel. Vuitton et Fils S. A.*, 481 U.S. 787, 801, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) ("[O]nly the least possible power adequate to the end proposed should be used in contempt cases" (quotation altered))). The City has taken the Court's injunctive orders and now the Court's Contempt Order seriously. The City proactively took remedial measures to address the issues raised in the Court's Orders. The City appropriately responded to the Court's contempt findings and has worked to remediate the concerns raised therein. This consistent good faith approach to the Court's guidance is therefore legally meaningful in evaluating next steps.

**C. Dissemination of the Court Order.**

As noted, commanders were already provided a copy of the Orders and concurrent legal guidance, to assist with identifying any available operational adjustments and facilitate communication with officers. Courts recognize that the posting and dissemination of notices "outlining contempt findings are appropriate means of ensuring" remedial action being taken. *See N.L.R.B.*, No. 86-7738, 1994 WL 397338, at *7 (9th Cir. Jan. 7, 1994). Plaintiffs ask that the Order be shared with all SPD officers. The City does not object to expanding its direct notification beyond commanders to all officers. Plaintiffs also ask for "clear instructions about what conduct is prohibited, that any future occurrence will trigger negative consequences, and what those negative consequences might entail." (Dkt. 164-1). The City has already disseminated and continues to disseminate "clear instructions about what conduct is prohibited." This was recognized by this Court. (*See* Dkt. 161, p. 25). As such, this aspect of Plaintiffs' request is the status quo. Finally, Plaintiffs ask that the City communicate "that any future occurrence will trigger negative consequences, and what those negative

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 4

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

consequences might entail." The Plaintiffs' intent is unclear here. Nonetheless, officers are also ordered to follow the terms of the Court's injunction. Officers understand they are subject to discipline for failure to follow the law or policy, including failure to follow the injunction. This has been referenced repeatedly throughout this litigation.

**D.  Plaintiffs' Demand to Act as Monitor of Force Reporting.**

Plaintiffs fundamentally mischaracterize the availability, breadth, and scope of evidentiary availability with a short turnaround period. (Dkt. 164, p. 3). At no time did the City "refuse" to "provide video evidence." Instead, the parties discussed appropriate records to share, and the City fully complied with this Court's determination of the legally appropriate scope. It is indisputable from the docket and the proceedings at issue that the City repeatedly emphasized the difficulty of navigating video evidence, securing completed, reviewed, and authorized use of force reports, and matching video with the vague descriptions of deployments from some declarants in the short turnaround period of contempt proceedings. (*See* Dkts. 136-136; 144-148; Boies Dec., Ex. 5 and 6). The City consistently followed this Court's order with regard to exchange of video evidence and other materials. (*See* Boies Dec., Ex. 5 and 6). The City provided relevant video that it was able to collect and review for the proceedings to provide context–to the point at which the Court focused on several deployments (both deemed compliant and noncompliant) not once referenced or highlighted by Plaintiffs.

Plaintiffs now ask this Court for what appears to be a modification of the preliminary injunction to require the City to provide use of force reports, videos, and possibly other records at Plaintiffs' discretion five days *after* every deployment of LLWs. (Dkt. 164-1). Plaintiffs fail to identify how this proposed remedy of mandatory reporting following every deployment of LLWs is in any way remedial. Additionally, Plaintiffs fail to identify how their subjective discretion or

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 5

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

assessment of City records will advance future compliance of individual officers making split-second decisions in deploying LLWs.

"Civil contempt sanctions [] are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of his prison in his own pocket.' A contemnor's ability to purge civil contempt, therefore, cannot be contingent upon the acquiescence of an opposing party because such an arrangement effectively renders the contempt punitive, rather than civil." *United States v. Ayres,* 166 F.3d 991, 997 (9th Cir. 1999) (internal citations omitted). The Plaintiffs' requested remedy is a fundamental alteration of the City's obligations under the injunction, is punitive, and fails to provide an appropriate remedial solution to coerce miscellaneous individual officers to better appreciate the Court's injunctive orders and continue to work toward operating within its parameters.

In addition to the inappropriateness of the proposed amendment to the injunction and reporting requirement, the Plaintiffs' proposal is an impossibility given the limitations on SPD overtime, staffing, and the need for officers to provide law enforcement support outside of the precinct during shifts. (Cordner Dec. ¶¶2-3). Finally, reviewing, trimming, and providing "relevant" body-worn video after every LLW deployment adds an additional layer of difficulty. Body-worn video (while uploaded immediately) is not affiliated with a use of force number – but rather an incident number. This renders the location of all "relevant" body worn video and the subsequent production of the same impossible within a short window of time. (Boies Dec. ¶ 8).

Even if SPD officers are somehow able to complete and have their reports reviewed immediately, the subsequent effort to identify, collect, and produce the requested records in five days requires significant SPD and City Law Department time, personnel, and resources to turn around a production after every deployment of LLWs by officers. The requested sanction has neither a stated

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 6

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

end date (nor mechanism to determine an end date) and places a monumental burden on the City. The proposal will disable the City's ability to purge contempt. Plaintiffs' proposal is not remedial and has the effect of being punitive as the City simply cannot comply.[2]

**E. Plaintiffs Counsel's $264,000 fee petition.**

On December 17, 2020, Plaintiffs filed a voluminous fee petition totaling almost $264,000. The City will address the details of the fee petition in a response pleading to the petition.

### III.   CONCLUSION

The City takes this Court's injunction seriously. It is indisputable that the City has and continues to educate, train, reiterate, and emphasize the parameters of this Court's orders before deployment of law enforcement officers. The City continued this custom with the Court's Contempt Order, by taking identified measures to reemphasize the strictures of the Court's injunctive order. The City's actions were a targeted response to the Court's concerns and sufficient remediation. Plaintiffs' proposals are not remedial and will not effectively advance compliance. Plaintiffs' proposed post-deployment reporting requirement fails to coerce the City's compliance, does not allow the City to purge the contempt, and is punitive in nature due to the impossibility of compliance. Finally, Plaintiffs' fee petition is excessive. This Court should reject Plaintiffs' requested remedies.

/

/

/

---

[2] It should be noted that impossibility of a compliance would be a defense to future contempt motions, when the City inevitably fails to comply with this relief, because it simply cannot. *United States v. Bryan,* 339 U.S. 323, 330–34, 70 S.Ct. 724, 94 L.Ed. 884 (1950) ("Impossibility or inability to comply with a judicial decree is a valid defense to civil contempt charges.").

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 7

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

/

Respectfully submitted this 18th day of December, 2020.

          PETER S. HOLMES
          Seattle City Attorney

By    */s/ Ghazal Sharifi*
    GHAZAL SHARIFI, WSBA# 47750
    CAROLYN U. BOIES, WSBA #40395
    Attorneys for Defendant City of Seattle
    Assistant City Attorneys
    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Phone: 206-684-8200
    E-mail: Ghazal.Sharifi@seattle.gov
             Carolyn.Boies@seattle.gov

CHRISTIE LAW GROUP, PLLC

By    */s/ Robert L. Christie*
    ROBERT L. CHRISTIE, WSBA #10895
    THOMAS P. MILLER, WSBA #34473
    ANN E. TRIVETT, WSBA #39228
    MEGAN M. COLUCCIO, WSBA #44178
    Attorneys for Defendant City of Seattle
    2100 Westlake Avenue N., Suite 206
    Seattle, WA 98109
    Phone: 206-957-9669
    Email: bob@christielawgroup.com
           tom@christielawgroup.com
           ann@christielawgroup.com
           megan@christielawgroup.com

CITY OF SEATTLE'S RESONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS - 8

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200