THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, <br><br> Defendant. | NO. 2:20-cv-00887 <br><br> DECLARATION OF ROBERT L. CHRISTIE |

I, ROBERT L. CHRISTIE, hereby declare as follows:

1. I am over the age of eighteen years and I am a citizen of the United States. I have personal knowledge of the facts set forth herein and am competent to testify to them at trial.

2. I am one of the attorneys of record for the City of Seattle in this lawsuit.

DECLARATION OF ROBERT L. CHRISTIE
(2:20-cv-00887 RAJ) - 1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

3.  Attached hereto as **Exhibit A** is a true and correct copy of the spreadsheet submitted by Robert S. Chang setting forth the billable time he has spent on this case (dkt. 170, Ex. A.).

4.  Seven of Professor Chang's billing entries have been highlighted in green. These seven entries relate to his review and work related to the use of crowd control weapons (CCWs) by the Seattle Police Department during the August 26, 2020 demonstration. The Court did not find that any SPD officer violated the terms of this Court's Orders on August 26, 2020, and therefore this time is not recoverable. These seven entries account for 5.1 hours of Professor Chang's billable time on this case.

5.  Twelve of Professor Chang's billing entries have been highlighted in orange. These twelve entries relate to his work with Plaintiff Alexandra Chen and/or Mr. Alex Wommack regarding their declarations related to the demonstrations on August 26 and/or September 7, 2020. The Court did not find that any SPD officer violated the terms of this Court's Orders when deploying any CCW directed to either individual, and therefore this time is not recoverable. These twelve entries account for 10.15 hours of Professor Chang's billable time on this case. Note that one of the entries for 1.0 hours is highlighted in both orange and green.

6.  Two of Professor Chang billing entries have been highlighted in yellow. These two entries contain block-billed time on October 12 and 13, 2020. The Court should deduct 4 hours of his time for these vague time entries.

7.  Therefore, the total amount of hours this Court should strike from Professor Chang's recoverable time is **18.25 hours**.

DECLARATION OF ROBERT L. CHRISTIE
(2:20-cv-00887 RAJ) - 2

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

8. Attached hereto as **Exhibit B** is a true and correct copy of the billing entries submitted by Lisa Nowlin setting for the time for which she requests compensation (dkt. 169, Ex. A).

9. Two of Ms. Nowlin's billing entries have been highlighted in green. These two entries related to her analysis of the August 26, 2020 demonstration. Because the first violation of the Court's Order, as determined by this Court, did not occur until September 7, 2020, none of the work Ms. Nowlin did analysis the August 26, 2020 demonstration could have formed the basis for the Court's finding of contempt. These two entries account for 4.2 hours of Ms. Nowlin's time, which is not recoverable.

10. Four of Ms. Nowlin's billing entries have been highlighted in orange related to work interviewing witnesses and drafting declarations related to the demonstrations on August 26, September 7, and/or September 23, 2020. The Court found that only four individual CCW deployments were in violation of its Orders. None of information contained in these set of declarations formed the basis for the Court's determination. These four entries account for 4.5 hours of Ms. Nowlin's time, which is not recoverable.

11. Five of Ms. Nowlin's billing entries have been highlighted in yellow. These five entries contain block-billed time on November 6, 7, 16, and 17, 2020 and are not coherently organized. The Court should deduct 19.4 hours of his time for these vague time entries.

12. The total amount of hours this Court should strike from Ms. Nowlin's recoverable time is **28.1 hours**.

DECLARATION OF ROBERT L. CHRISTIE
(2:20-cv-00887 RAJ) - 3

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

13.  Attached hereto as **Exhibit C** is a true and correct copy of the billing entries submitted by Molly Tack-Hooper setting for the time for which she requests compensation (dkt. 169, Ex. B).

14.  Seven of Ms. Tack-Hooper's billing entries have been highlighted in green. These seven entries relate to her work on the case either before September 7, 2020 or related to events that occurred on July 25, 2020. Because the first violation of the Court's Order, as determined by this Court, did not occur until September 7, 2020, none of the work Ms. Hooper completed on these days, which mainly consisted of interviewing witnesses, could have formed the basis for the Court's finding of contempt. These seven entries account for 7.5 hours of Ms. Tack-Hooper's time, which is not recoverable.

15.  Forty-two of Ms. Tack-Hooper's billing entries have been highlighted in orange and relate to work interviewing witnesses and drafting declarations related to the demonstrations on August 26, September 7, and/or September 23, 2020. The Court found that only four individual CCW deployments were in violation of its Orders. None of information contained in these set of declarations formed the basis for the Court's determination. These forty-two entries account for 67.7 hours of Ms. Tack-Hooper's time, which is not recoverable.

16.  The total amount of hours the Court should deduct from Ms. Tack-Hooper's non-recoverable time is **75.2 hours**.

17.  Attached hereto as **Exhibit D** is a true and correct copy of the billing entries submitted by David A. Perez setting forth the time entered by Perkins Coie, LLP attorneys and paralegals for which Plaintiffs requests compensation (dkt. 167, Ex. A).

DECLARATION OF ROBERT L. CHRISTIE
(2:20-cv-00887 RAJ) - 4

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

18. Twenty-four billing entries in Exhibit D have been highlighted green. Those entries were either logged before September 7, 2020, relate to the August 26, 2020 demonstration, or are not related to Plaintiffs' motion for contempt. This time is not recoverable.

19. Twenty-five entries in Exhibit D have been highlighted in orange. These entries relate to interviews with or declarations of witnesses whose accounts did not form the basis for this Court's Order of contempt. This time is not recoverable.

20. Twenty-three entries in Exhibit D have been highlighted in yellow. These entries contain block billing and/or clerical tasks that are not recoverable. Note that there are a great number of entries that contain block billing that have not been highlighted. There are also many duplicative entries from different lawyers conferring and working on the same projects that would not be acceptable if billed directly to a client. Perkins overstaffed this case, and any attorney fee award it receives should be reduced because of its overstaffing and block billing.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

SIGNED in San Juan Island, Washington, this 18th day of December, 2020.

/s/ Robert L. Christie
ROBERT L. CHRISTIE, WSBA #10895

DECLARATION OF ROBERT L. CHRISTIE
(2:20-cv-00887 RAJ) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669