THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | NO. 2:20-cv-00887<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>Noted on Motion Calendar:<br>Friday, December 25, 2020<br><br>Court Ordered Response:<br>Friday, December 18, 2020 |

## I. RELIEF REQUESTED

The City respectfully requests that this Court deny Plaintiffs' request for $263,708.50 in fees and costs. Plaintiffs' hourly rates are high; they seek recovery for clerical, duplicative, and unrecoverable tasks; and they only prevailed on four of 122 uses of force.

## II. STATEMENT OF FACTS

Plaintiffs' September 30, 2020 motion for contempt was based on allegedly improper CCW deployments over the span of four separate dates: August 26 and September 7, 22, and 23, 2020. (Dkt. 114.) Plaintiffs submitted 19 witness declarations. (Dkt. 116-134.) This Court did not find any contemptuous conduct on August 26. (Dkt. 161.) The Court held that the blast ball deployment on September 22 violated the injunction. (*Id*.) Plaintiffs submitted only two declarations regarding that deployment. (Dkts. 131 & 132.) The Court based its findings of contempt with respect to a September 7 OC spray deployment, a September 7 blast ball deployment, and September 23 blast ball deployment based solely on video evidence and draft use of force reports submitted by the City. (Dkt. 161.) Not one of the 19 declarations pertained to the CCW deployments that formed the basis for the contempt findings on September 7 and September 23. (*Id*.) Also, many of the time entries for which counsel for plaintiffs seek reimbursement was either not related to the September 7, 22, or 23 deployments at issue, duplicative of other attorney work, block billed, or clerical in nature. (See Christie Decl., filed herewith and incorporated by this reference.)

/

/

### III.   ARGUMENT AND AUTHORITIES

**A.   Plaintiffs' Counsels' Hourly Rates Are Inflated.**

To determine a reasonable hourly rate, the lodestar approach "looks to the prevailing market rates in the relevant community" and is meant to roughly approximate "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551, 130 S. Ct. 1662 (2010) (internal citations omitted).  These billing rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch*, 480 F.3d at 946 (internal citations omitted).  Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  The Court may rely on its own familiarity with the legal market in setting a reasonable hourly rate, and it should also consider the experience, skill, and reputation of the attorney requesting fees. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).  Courts may also consider rate determinations in other cases. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Perez requests $785 an hour for his work in this case.  Dkt. 167 at ¶4.  However, Mr. Perez has served as counsel for the City of Seattle Community Police Commission, on similar issues at a rate of $515/hr. (Declaration of Ghazal Sharifi at ¶ 2, Ex. A.)  The rate for his associate, Anna Thompson, who graduated from law school in 2015, is $350.[1]  *Id.*  Mr. Perez seeks to increase his

---

[1] https://www.perkinscoie.com/en/professionals/anna-thompson.html

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATORNEY'S FEE AND COSTS (2:20-cv-00887 RAJ) - 3

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

hourly rate by $270 for substantially similar work. *Compare, id.* and Dkt. 167 at ¶4. Mr. Perez was awarded fees in a pro-bono case of $575 per hour. Sharifi Decl., Ex. B. In *Wagafe v. Trump,* Cause No. 2:17-cv-0094, Dkt. 356, this Court awarded partial fees in connection with a request for sanctions, with Mr. Perez at a rate of $575 an hour. *Id.* Perkins Coie noted that it was a pro-bono case and it was utilizing its lowest standard rates, because the firm was not billing its clients for their work. *Id.* at Ex. C at ¶ 8. Mr. Perez does not make such an attestation on behalf of their firm in this case. Dkts. 167-168. Therefore, it is presumed that the requested rates of the Perkins Coie firm are its higher standard billing rates typically charged to for-profit corporations and not, a lower rate charged to public entity clients for similar work.

Mr. Perez attests to hourly rates ranging from $555 to $270 for associates whose experience level ranges from zero to four years. Dkts. 167 and 168. None have practiced in the field of civil rights. Ms. McGill, Mr. Butler, and Ms. Hoeberlein only graduated this past spring, and were licensed in September, October, and August 2020 respectfully.[2] *Id.* at ¶¶ 11-13, Exs. G-I. For these attorneys, with no civil rights litigation experience, Mr. Perez seeks rates of $435 (for Ms. McGill and Mr. Butler) and $270 for Ms. Hoeberlein. *Id.* at ¶¶ 11-13. Ms. Nowlin requests $400 an hour for her work, and $500 an hour for the work of Molly Tack-Hooper. Dkt. 169. She notes experience serving as counsel on cases in the Western District beginning in 2019. *Id.* at ¶ 4. Ms. Tack-Hooper joined the ACLU in 2013, initially in Philadelphia, before relocating to the Seattle office in November 2019. *Id.* at ¶¶ 6-7. Finally, Professor Chang[3] seeks an hourly rate of $650. Dkt. 170, ¶¶ 3, 11. In support of

---

[2] It is unclear whether these attorneys have been admitted to practice in the Western District.
[3] Professor Chang has been teaching law since he graduated in 1992. In addition to teaching, Professor Chang serves as the Executive Director of the Korematsu Center at Seattle University School of Law, which he founded in

this request, Professor Chang cites to a single case in which plaintiffs were awarded costs and fees, *Gonzales v. Douglas,* 269 F. Supp. 3d 948 (D. Ariz. 2017). *Id.* at ¶ 8. However, that case settled. *Id.* at ¶ 9. A Court has never awarded fees to Professor Chang at an hourly rate of $650. None of the other attorneys seeking fees have more than 11 years of experience.

Plaintiffs' requested hourly rates are far above what other attorneys in this District with similar skill and experience have been awarded. *See, Wingate v. City of Seattle*, No. 15-822, 2017 WL 1710945 (May 3, 2017) (Vonda Sargent, $325/hr; Susan Mindenbergs, $375/hr); *Morales v. City of Seattle,* No. C12-2235-JCC, 2014 WL 12029285, at *4 (W.D. Wash. Dec. 19, 2014), *aff'd,* 873 F.3d 817 (9th Cir. 2017) (Darryl Parker, over 35 years civil rights experience, awarded $370/hr after request for $500/hr); *Afinwala v. La Trelles Express, Inc.*, C16-1707 RSM, 2017 WL 1398925 (W.D. Wash. Apr. 19, 2017) (awarding between $305 and $485 an hour to five separate attorneys); *Knickerbocker v. Corinthian Colleges*, C12-1142JLR, 2014 WL 3927227 (W.D. Wash. Aug. 12, 2014) (awarding between $300 and $450 an hour);

Given the experience of Mr. Perez, Ms. Tack-Hooper, and Professor Chang, the City respectfully recommends an hourly rate no higher than $400.00 per hour. With respect to Ms. Nowlin, the City recommends an hourly rate no higher than $300.00 per hour. Finally, with respect to Ms. Gilbert, Ms. Haney, Ms. Arora, Ms. Dallal, and Ms. Whidbee, the City recommends a rate of no more than $250.00 per hour, and no more than $200.00 per hour for Ms. McGill, Mr. Butler, and Ms. Hoeberlein, who all graduated from law school this past spring and were licensed this fall.

---

2009, and supervises students in the Civil Rights Clinic. Based on Professor Chang's attestation, it appears his practice as an advocate in state and federal courts began with the Korematsu Center in 2009.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATORNEY'S FEE AND COSTS (2:20-cv-00887 RAJ) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Plaintiffs' make no showing a rate of $290 per hour for paralegals/staff is reasonable.  Dkt. 168 at ¶ 7.  Though Mr. Williams cites to a single paralegal at that rate, plaintiffs have billed for two paralegals at rates of $295/hr and $285/hr.  Moreover, a declaration from a partner at Mr. Perez's own law firm, who has an interest in the outcome of the fee award, is of little value.  The Court should set a rate of no more than $100 an hour for administrative staff.

**B.   Plaintiffs Should Not Recover Fees for Unnecessary, Duplicative, or Clerical Work.**

Plaintiffs bear the burden of documenting the hours expended and must submit evidence supporting those hours and the rates claimed.  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 434.  With respect to the number of hours billed, the Court should exclude from the initial fee calculation hours not "reasonably expended." *Hensley*, 461 U.S. at 434.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. *Id*.  Courts may reduce fee awards when block billing makes it impossible to determine whether the time spent on each task was reasonable. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

After assessing reasonable rates, the Court should exclude from consideration the highlighted hours set forth in the Christie Declaration, because they are not recoverable. Additionally, recovery of fees for 12 attorneys working on this case is redundant and excessive.

**C.     Plaintiffs Narrowly Prevailed.**

Once the Court determines the appropriate rates and excludes nonrecoverable time, it should reduce the final award to account for Plaintiffs' limited success. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees" under § 1988. *Hensley,* 461 U.S. at 440, 103 S. Ct. 1933. There is a two-step process for determining the appropriate reduction for limited success: (1) whether plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (internal cites omitted).

The district court should properly consider "the relationship between the amount of the fee awarded and the results obtained," *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933, and reduce the "attorneys fee award so that it is commensurate with the extent of the plaintiff's success." *Yonemoto v. Shulkin*, 725 Fed. Appx. 482, 485 (9th Cir. 2018) (internal citations omitted). Plaintiffs based their motion on SPD's actions on four separate demonstrations. However, the Court did not find any violations on August 26, 2020. Further, of the events Plaintiffs actually complained of and supported with evidence, they only prevailed on one – the September 22, 2020 blast ball. The Court based its other three contempt findings on evidence submitted by the City. Moreover, over those four demonstrations, there were 122 Less Lethal Weapon deployments documented in the draft Blue Team reports submitted by the City. Plaintiffs only prevailed on four of them, for a success rate of less than 5%. The Court should reduce Plaintiffs' otherwise recoverable fees accordingly to reflect Plaintiffs' narrow success.

DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION FOR ATORNEY'S
FEE AND COSTS (2:20-cv-00887 RAJ) - 7

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

DATED this 18th day of December, 2020.

CHRISTIE LAW GROUP, PLLC

By */s/ Robert L. Christie*
By */s/ Thomas P. Miller*
By */s/ Ann E. Trivett*
By */s/ Megan M. Coluccio*
   ROBERT L. CHRISTIE, WSBA #10895
   THOMAS P. MILLER, WSBA #34473
   ANN E. TRIVETT, WSBA #39228
   MEGAN M. COLUCCIO, WSBA #44178
   Attorneys for Defendant City of Seattle
   2100 Westlake Avenue N., Suite 206
   Seattle, WA 98109
   Phone: 206-957-9669
   Email: bob@christielawgroup.com
         tom@christielawgroup.com
         ann@christielawgroup.com
         megan@christielawgroup.com

PETER S. HOLMES
Seattle City Attorney

By */s/ Ghazal Sharifi*
By */s/ Carolyn U. Boies*
   GHAZAL SHARIFI, WSBA# 47750
   CAROLYN U. BOIES, WSBA #40395
   Attorneys for Defendant City of Seattle
   Assistant City Attorneys
   Seattle City Attorney's Office
   701 Fifth Avenue, Suite 2050
   Seattle, WA 98104
   Phone: 206-684-8200
   E-mail: Ghazal.Sharifi@seattle.gov
          Carolyn.Boies@seattle.gov

DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION FOR ATORNEY'S
FEE AND COSTS (2:20-cv-00887 RAJ) - 8

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669