THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLACK LIVES MATTER SEATTLE KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, and ALEXANDRA CHEN,

    Plaintiffs,

v.

CITY OF SEATTLE,

    Defendant.

No. 2:20-CV-00887-RAJ

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ)

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 4

    A. The City failed to meet and confer with Plaintiffs before filing its Motion for Reconsideration. ................................................................................................ 4

    B. Reconsideration of the Court's holding that the City violated the Court's Orders is not warranted. ........................................................................................ 5

        1. Reconsideration is disfavored. ................................................................. 5

        2. The City has identified no new facts which could not have been brought to the Court's attention previously. ............................................ 6

        3. The Court did not err in rejecting the *Monell* standard. ............................ 8

        4. The Court did not hold the City to a "perfect" compliance standard and applied the correct contempt standard to find four deployments violated the Court's Orders. ....................................................................... 9

IV. CONCLUSION ................................................................................................................. 12

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150591546.4

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alexander v. Boeing Co.*,
  C13-1369 RAJ, 2014 WL 3900574 (W.D. Wash. Aug. 11, 2014) ............................................ 5

*Dejeu v. Lewis Cty.*,
  C20-5176 BHS, 2020 WL 7397011 (W.D. Wash. Dec. 17, 2020) ........................................... 6

*Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*,
  16-0665-RAJ, 2018 WL 3862250 (W.D. Wash. Aug. 14, 2018) ......................................... 4, 5

*F.T.C. v. Affordable Media*,
  179 F.3d 1228 (9th Cir. 1999) ................................................................................................. 8

*F.T.C. v. Kuykendall*,
  371 F.3d 745 (10th Cir. 2004) ............................................................................................. 7, 8

*J & J Sports Prods., Inc. v. Jernegan*,
  No. C 11-02095, 2013 WL 450382 (N.D. Cal. Feb. 5, 2013) ................................................. 4

*Jackson v. Aliera Companies, Inc.*,
  19-CV-01281-BJR, 2020 WL 5984075 (W.D. Wash. Oct. 8, 2020) ....................................... 5

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ................................................................................................... 5

*Ledcor Indus. (USA) Inc. v. Va. Sur. Co., Inc.*,
  No. 09-CV-01807 RSM, 2012 WL 223904 (W.D. Wash. Jan. 25, 2012) ............................... 6

*Massachusetts v. E*Trade Access, Inc.*,
  834 F. Supp. 2d 43 (D. Mass. 2011) ..................................................................................... 11

*Ozone Int'l, LLC v. Wheatsheaf Grp. Ltd.*,
  2:19-CV-01108-RAJ, 2020 WL 2199505 (W.D. Wash. May 6, 2020) ................................... 4

*Puget Soundkeeper All. v. Rainier Petroleum Corp.*,
  C14-0829JLR, 2017 WL 6515970 (W.D. Wash. Dec. 19, 2017) ............................... 10, 11, 12

*United States v. State of Tenn.*,
  925 F. Supp. 1292 (W.D. Tenn. 1995) .................................................................................. 10

*Whitford v. Mt. Baker Ski Area, Inc.*,
  C11-00112RSM, 2012 WL 909938 (W.D. Wash. Mar. 15, 2012) .......................................... 5

**RULES**

Local Rule 7(h) ............................................................................................................................. 5

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-
00887-RAJ) – ii

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.     INTRODUCTION

The City's motion for reconsideration should be denied outright.  First, in seeking to challenge the Court's contempt order, the City violated yet another order—the Court's Standing Order—by failing to meet and confer with Plaintiffs about this motion before filing it.  In fact, the first time Plaintiffs found out about this motion was when counsel received notice via the ECF system.  That is reason enough to deny reconsideration.  Second, on the merits, the City has not and cannot meet the standard for reconsideration because it points to no new facts, intervening case law, or manifest errors.  Rather, the City simply disagrees with the Court's conclusions—which is not a proper basis for reconsideration—and attempts to relitigate the Court's findings.  The City's attempts to drum up a legal error amount to nothing more than a series of strawman arguments.  For instance, the Court didn't hold the City to a "perfect compliance" standard; in fact, the Court carefully considered the evidence the parties presented (including the City's handpicked videos) and applied the standard governing contempt.  The City's clumsy attempts to caricature the Court's own reasoning starkly illustrate the City's inability to meet the reconsideration standard.  The motion should be denied.

## II.     BACKGROUND

On June 12, 2020, the Court issued a temporary restraining order (TRO) enjoining the City from deploying "chemical irritants or projectiles of any kind against persons peacefully engaging in protests or demonstrations."  ECF 34 at 11.  The TRO provided for a limited exception when such weapons were necessary, reasonable, proportional, and targeted to protect against a specific and imminent threat to person or property.  *Id*.  On June 17, the Court entered a stipulated preliminary injunction with nearly identical terms (Order).  ECF 42.

Based on protest events on July 25, 2020, Plaintiffs filed their first contempt motion.  The City settled that motion by stipulating to an amended preliminary injunction on August 10 (Amended Order).  ECF 110.

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) – 1

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Following the City's responses to protests on August 26, September 7, September 22 and September 23, Plaintiffs' counsel sent letters *after each incident* notifying the City that Plaintiffs believed the City had violated the Orders and requesting information.  ECF 115 at Ex. A, C, E.  In response to each letter, the City insisted that "all uses of less lethal munitions . . . were entirely consistent with the Court's Order."  ECF 115 at Ex. D.  Its conclusions were "based on [a] review of preliminary information from reports, conversations with incident command, and review of your videos."  ECF 115 at Ex. B.  The City did not say it would investigate further or claim that further investigation was necessary.  *See id.*  Plaintiffs filed a second contempt motion based on these four events on September 30, 2020.  ECF 114.

In response, the City claimed that protester accounts "lack context and a circumstantial understanding."  ECF 135 at 2.  Three days later, Plaintiffs e-mailed the City to confer on the evidentiary hearing process, including the scope of evidence and the time required to compile the evidence.  ECF 173-1 at 6:13-24.  The City did not respond.  *Id.* at 6:13-14, 9:11-16.  At a later status hearing, the City then asked the Court to provide guidance on "how the court is going to evaluate contempt in this circumstance," asking if it needed to respond to each allegation of force.  *Id* at 10:8-19; 11:19-22; 13:10-14.  The Court had "trouble understanding why the City hasn't accepted that" Plaintiffs' contempt motion described "four specific incidents" and the declarations "define[] the scope of the parameters of the contempt actions being brought by the plaintiffs."  *Id.* at 12:2-11.  The Court further admonished the City for "asking . . . the court to engage in a discovery process for the City" and instructed the City that the issues should be resolved by the parties in a meet and confer as Plaintiffs attempted.  *Id.* at 13:17-14:5.

The parties then conferred regarding the proposed scope and schedule for the Court's consideration of Plaintiffs' contempt motion and *agreed* to limit the proceedings to written submissions.  ECF 141 at 1-2.  The City also agreed that it would file all supporting evidence by November 2—two weeks from the date the parties filed the joint submission, 33 days after Plaintiffs filed the contempt motion, and two months after the first two incidents.  *See id.* at 3.

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –2

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Though Plaintiffs sought the full video files that the City determined were relevant (even if the City did not intend to rely on the video in its submission to the Court), *see id.* at 3-4, the Court granted the City's request that it only provide extended clips of videos on which it relied in its submission to the Court. *See id.*; ECF 143 at 2. In other words, the City argued for *less evidence* (*i.e.*, shorter and fewer videos), and the City's argument prevailed.

At the contempt hearing, the City complained that the use of force reports it submitted were in draft form, without the officers' reviewing body-worn video in order to revise their reports. *See* ECF 173-2 at 31:7-16; 80:13-19. However, it did not claim that use of force reports or officer declarations were *omitted* for lack of time.

Though the City noted that there were "hundreds of hours of videotape on each of these days," ECF 173-2 at 31:17-22, it only provided a small universe of those videos to Plaintiffs and the Court. For example, the City attested that there were 32 blast balls deployed on September 23 but provided body-worn video for only two of those deployments. *See id.* at 89:18-20. As a result of this lack of evidence, the Court found many of Plaintiffs' allegations to be inconclusive. *See, e.g.*, ECF 161 at 25 ("But the Court notes that the four clear violations here do not include the unaccounted-for blast ball uses on September 23.").

In total, the Court found that there were four clear violations, four instances of clear compliance, and 114 deployments of less lethal weapons documented by the City's use of force reports for which the court could not reach a determination, either because videos were not provided by the City, videos were inconclusive, or the facts were too close to call. ECF 161 at 24 ("the City has not provided body worn video footage for many of these deployments"). In other words, the lack of evidence (driven by the City's refusal to provide more evidence) cut against Plaintiffs' argument, and in favor of the City. But the Court did not hold that the 114 remaining deployments were *almost* compliant, but rather refused to speculate for the unaccounted-for blast ball uses. *Id.* at 24-25 ("For most deployments, the Court lacks sufficient basis to deem them either a compliant use or a violation.").

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –3

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Court held the City in contempt on December 7. ECF 161. Fourteen days later, the City brought a Motion for Reconsideration. ECF 178. The City did not meet and confer with Plaintiffs' counsel regarding its Motion. *See* Declaration of David Perez ("Perez Decl.") at ¶ 3. In fact, the City did not even provide *advance notice* of the motion—the first time Plaintiffs learned about the motion was when counsel received notices via the ECF system. *Id*.

### III.   ARGUMENT

#### A.   The City failed to meet and confer with Plaintiffs before filing its Motion for Reconsideration.

This Court's Standing Order plainly requires that parties contemplating filing "any motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*" and that all filings include a declaration by counsel describing the date and substance of the meet and confer. Standing Order on General Motions Practice, Hon. Richard A. Jones Chambers Procedures (emphasis in original); *see also Ozone Int'l, LLC v. Wheatsheaf Grp. Ltd.*, 2:19-CV-01108-RAJ, 2020 WL 2199505, at *3 (W.D. Wash. May 6, 2020) ("[t]he meet and confer requirement is clearly articulated in the Court's standing order" and "is a requirement, not a suggestion"). Indeed, this aims to prevent the very waste of judicial and party resources and "litigation by surprise" tactics the City employs here. *See, e.g.*, *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, 16-0665-RAJ, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018) (denying motion to compel for failure to meet and confer in accordance with Standing Order).

At no point in the fourteen-day period following the Court's December 7th Order on Plaintiffs' Contempt Motion did the City attempt to communicate with Plaintiffs' counsel regarding the instant Motion for Reconsideration. Perez Decl. at ¶ 3. The City's failure to do so is "unacceptable." *See Ozone Int'l, LLC*, 2020 WL 2199505, at *3; *see also J & J Sports Prods., Inc. v. Jernegan*, No. C 11-02095, 2013 WL 450382, at *1 (N.D. Cal. Feb. 5, 2013) (denying motion due to failure to meet and confer, stating "[i]t is incumbent upon litigants before this Court to familiarize themselves not only with the Local Rules, but also with this Court's

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150591546.4

1  Standing Orders" and that "[t]here is simply no excuse for [a party's] failure to comply with the

2  meet and confer requirement set forth in this Court's Standing Orders").[1]

3      The City's Motion for Reconsideration should be stricken on this basis alone. *Elec.

4  Mirror, LLC*, 2018 WL 3862250 at *1; *Alexander v. Boeing Co.*, C13-1369 RAJ, 2014 WL

5  3900574, at *1 (W.D. Wash. Aug. 11, 2014) (ordering Plaintiff to address whether the court

6  should strike her motions, or otherwise sanction her and/or counsel for failing to meet and confer

7  before filing motions, and ordering Defendant to provide documentation of attorneys' fees

8  incurred as a result); *Whitford v. Mt. Baker Ski Area, Inc*., C11-00112RSM, 2012 WL 909938, at

9  *1 (W.D. Wash. Mar. 15, 2012) (striking motions for failure to comply with local rules requiring

10  meet and confer).

    **B.**    **Reconsideration of the Court's holding that the City violated the Court's Orders is not warranted.**

    **1.**    **Reconsideration is disfavored.**

Local Rule 7(h) emphasizes that "[m]otions for reconsideration are disfavored."  The

Court "will ordinarily deny such motions" unless the moving party demonstrates "manifest

error" in the Court's prior ruling or "new facts or legal authority which could not have been

brought to its attention earlier with reasonable diligence."  LCR 7(h).  Indeed, reconsideration is

an "extraordinary remedy" that "should not be granted . . . unless the district court is presented

with newly discovered evidence, committed clear error, or if there is an intervening change in the

controlling law."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000);

*Jackson v. Aliera Companies, Inc.*, 19-CV-01281-BJR, 2020 WL 5984075, at *1 (W.D. Wash.

Oct. 8, 2020) (denying motion for reconsideration, finding movant did not meet "their heavy

burden").  When a motion for reconsideration "merely rehashes the same arguments made and

---

[1] This isn't the first time the City has failed to meet and confer, leading to a waste of judicial and party resources. The Court will recall the City's earlier failure to meet and confer regarding the scope of the contempt proceedings prior to the status conference on the same required additional resources of the parties and the Court.  *See* ECF 173-1 at 14: 23-25 ("These are the type of things, counsel, . . . that should have been addressed by the parties having the opportunity to meet and confer.").

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-
00887-RAJ) –5

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

rejected by the Court," it "may be denied for this reason alone." *Ledcor Indus. (USA) Inc. v. Va. Sur. Co., Inc.*, No. 09-CV-01807 RSM, 2012 WL 223904, at *1 (W.D. Wash. Jan. 25, 2012); *see also Dejeu v. Lewis Cty.*, C20-5176 BHS, 2020 WL 7397011, at *1 (W.D. Wash. Dec. 17, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.").

The City's motion does not come close to meeting this standard.

### 2. The City has identified no new facts which could not have been brought to the Court's attention previously.

The City has failed to identify any new, previously unavailable facts. To the contrary, the City repeatedly cites the *same* evidence it already submitted to the Court. That the City merely desired additional time to review the evidence related to Plaintiffs' "specific and succinct" allegations is not a proper basis for reconsideration. ECF 173-1 at 19:5, 20:18-24 (permitting the City additional time to prepare its materials). The City advocated for a process of limited video evidence disclosure, contrary to that which Plaintiffs' requested.

The City requests leave to supplement the record with *only* the facts favorable to the City and rehash *only* the deployments found to be in violation of the Order, after being provided the benefit of the Court's analysis.[2] None of this evidence is newly discovered; the declarations all explicitly ***repeat or reattach*** evidence previously submitted to the Court. *See* Declaration of Robert L. Christie ("Christie Decl.") at ¶ 3 (Exhibit A was "previously filed with the Declaration of Assistant Chief Lesley Cordner"); Supplemental Declaration of John Brooks ("Supplemental Brooks Decl.") ("This declaration augments my November 2, 2020 declaration [...]"); Declaration of Erik Eastgard ("Eastgard Decl.") at ¶ 5 (explaining that Exhibit A was

---

[2] Notably, the City's alleged additional evidence still fails to include the missing body worn video evidence of at least 22 blast ball deployments on September 23rd, which the City agreed to produce, and which were key to the Court's finding that "[a]lthough these remaining blast ball uses are not clear violations, they are also not clearly compliant with the Orders." ECF 161 at 24, 28; *see also* ECF 141. The City's effort to cherry-pick supplemental evidence that support its own narrative while continuing to withhold those other videos is troubling.

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –6

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"previously filed" as a praecipe to the City's Opposition to Plaintiff's Contempt Motion); Declaration of Matthew Didier ("Didier Decl.") at ¶ 6 (explaining that Exhibit A was "previously filed"); and *compare* Declaration of Riley Caulfield ("Caulfield Decl.") at ¶ 5-10 *with* ECF 146-03 (Exhibit C(1) to Declaration of Leslie Cordner) (both describing the September 22nd blast ball deployment found to be in violation of Court's Orders). None of the declarants explain that any of the supplemental facts were not previously available. Indeed, any such statement would not be credible as the justification for each less lethal weapon deployment was available to, *and only available to*, the declarant officer all along.

The City's purported need for more time is not a basis for reconsideration. The City recognizes, as it must, that "courts in civil contempt proceedings may proceed in a 'more summary fashion' than in an 'independent civil action.'" *F.T.C. v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004) (quoting *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993)). Where, as here, a defendant *agrees* to that procedural structure, is on notice that it should investigate well before a contempt motion is filed, and most of the evidence involves the defendants' own records, arguments that more time would have resulted in identifying "significant evidence" are not credible. *See Kuykendall*, 371 F.3d at 756.

The error of the City's position is plain in its failure to support its position with authority. For starters, the City's reliance on *Ahearn* is misleading. *See* Motion at 2. In *Ahearn*, as here, the Court found that the movant *did not* provide the Court any reason to believe more time would have resulted in the discovery of significant evidence warranting reconsideration. Further, the City failed to indicate that the direct quote they attribute to *Ahearn* is actually drawn from *FTC v. Kuykendall*, a case *rejecting a nearly identical position to that which the City takes here*. This omission is telling. In *Kuykendall*, the Tenth Circuit expressly rejected the Defendants' argument that significant evidence would be found had they been given more time. 371 F.3d at 756. There, as here, Defendants "agreed to the procedural structure [of contempt] by agreeing to the Preliminary Injunction." *Id.* at 756. There, as here, Defendants received notice by letter

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –7

150591546.4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

from Plaintiffs regarding potential violations of the Court's Orders and were on notice that they should investigate their practices. *Id.* at 755, 56. There, as here, Defendants had approximately a month to respond to the specific allegations in the show cause motion and prepare for the hearing. *Id.* at 755. And there, as here, most of the critical evidence consisted of the Defendant's *own* records, as well as the testimony of the Defendant's employees, "to which [D]efendants obviously had equal access." *Id.* Most importantly, the court in *Kuykendall* rejected Defendant's argument that the contempt proceeding below was constitutionally deficient, finding that the court "gave the defendants adequate notice and opportunity to be heard to satisfy the Due Process Clause." *Id* at 756. The same conclusion should be drawn here.

Briefing schedules aside, the City had *way more time* than it lets on: the City apparently failed to diligently investigate the conduct of its *own* officers between August 28th (when Plaintiffs sent their first letter) and November 2 (when the City filed its contempt brief). *See* ECF 115 (Ex. A to Declaration of David A. Perez). The City's failure to prepare its case within the *extended* time frame allotted by the Court does not warrant reconsideration. And the City's failure to explain the purported lawful basis for the four deployments found to be in violation of the Order until *after* this Court held it in contempt does not warrant reconsideration. The City has neither provided any justification for its inability to timely provide this evidence, nor has it identified any new evidence warranting reconsideration.

### 3. The Court did not err in rejecting the *Monell* standard.

The Court correctly applied the "well-settled" standard for civil contempt and held that *Monell* is irrelevant here, particularly given that the City already *expressly stipulated* to Orders enjoining the conduct of both the SPD and individual police officers. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). ECF 161 at 9; *see also* ECF 42 at 2; ECF 110 at 3. The plain language of these Orders—*which the City co-authored and to which the City stipulated*—makes it abundantly clear that the City is responsible for compliance, and that such responsibility extends to the actions of individual officers. Indeed, the Orders explicitly define

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150591546.4

the City as a "collective[]" body, "including" any officers under SPD's control. ECF 42 at 2. The question of vicarious municipal liability under *Monell* is thus mooted by the fact that, under the Orders, the municipality, its police department, and its police officers are *by definition* a single entity. *See id.* In other words, the City co-authored and stipulated to Orders that vitiate any barrier that might otherwise exist between municipality and agent under a *Monell* analysis. The City cannot now evade responsibility that it voluntarily assumed because it has been newly confronted with the consequences of its failure to abide by the very orders to which it stipulated.

Further, the City fails to identify *even a single case* to support its strange argument that *Monell* necessarily defines the threshold for civil contempt rather than the longstanding and well-settled body of precedent that informed the Court's analysis. ECF 178 at 3; *see also* ECF 173-2 at 39:10-21 (when asked if it was aware of any authority, the City responded, "believe me, we looked"). This is telling. The City has had ample opportunity to present authority substantiating its argument, but continuously proves incapable of doing so, even on request for reconsideration. This is because there is no case law to suggest that *Monell* can be weaponized to alter the civil contempt standard where a municipality has already been enjoined. The City's position, which the Court tactfully recognized as "novel," ignores both the procedural realities of the case and the overwhelming weight of past decisions. ECF 161 at 9.

> **4. The Court did not hold the City to a "perfect" compliance standard and applied the correct contempt standard to find four deployments violated the Court's Orders.**

Finally, the City tries its luck with a strawman argument, falsely asserting that the Court held it to a "perfect compliance" standard. Suffice to say that caricaturing the Court's own reasoning back to the Court is hardly the most intuitive basis for reconsideration.

The Court properly applied the "substantial compliance" standard to the City's conduct. ECF 161 at 24-25. The City does not point to any previously unavailable evidence that renders the officers' conduct *more* reasonable, nor to any manifest error in the standard applied; it is simply unhappy with the Court's conclusion in applying that standard—that the City's violations

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150591546.4

were neither "few" nor "technical" and that the City did not take "every reasonable effort" to comply with the Court's Orders. *See id.* at 24-25. The City disagrees with the Court. But if that were enough to seek reconsideration, then the docket would be flooded with such motions.[3]

The City's assertion that the Court applied the wrong standard also relies on several false assumptions. First, the City asks the Court to compare the four clear violations with every other deployment, rather than the four instances of the City's compliance with the Orders. The Court correctly held that "the appropriate comparison must be between the times the City was compliant and the times it was not compliant." ECF 161 at 26; *see Puget Soundkeeper All. v. Rainier Petroleum Corp.*, C14-0829JLR, 2017 WL 6515970, at *8 (W.D. Wash. Dec. 19, 2017) (in determining substantial compliance, a court determines whether the "level of compliance 'overall was substantial, notwithstanding some minimal level of noncompliance'") (quoting *Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1122 (9th Cir. 2009)). Where, as here, the instances of compliance equal the instances of noncompliance, substantial compliance is plainly not met.

Second, the City mischaracterizes the 114 "inconclusive" deployments of less lethal weapons over the four protest days for which the Court could not reach a determination as "close calls." ECF 178 at 6. To the contrary, the Court found that many of these deployments were "shrouded by chaos" and "poorly documented" such that "even the best available evidence . . . is unhelpful and inconclusive." ECF 161 at 15-16. Many more were not documented by the City at all: "many blast balls were used at the September 23 protest . . . yet the City has not provided body worn video footage for many of these deployments." *Id.*[4] The Court cautioned against

---

[3] The City's failure to substantially comply with the Orders does not warrant reconsideration particularly because the City agreed to the terms and participated in drafting the Orders. *See, e.g.*, *United States v. State of Tenn.*, 925 F. Supp. 1292, 1302 (W.D. Tenn. 1995) ("Courts have been particularly unsympathetic to purported excuses for less-than-substantial compliance where the contemnor has participated in drafting the order against which compliance is measured.") (citing *Spallone v. United States,* 493 U.S. 265, 276 (1990) (upholding finding of contempt against city that failed to take action required by consent decree)).

[4] As counsel for Plaintiffs noted at oral argument: "[the City] said that there were 32 blast balls deployed on [September 23]. We've only been provided body-worn video for two of those." ECF 173-2 at 89:18-20.

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

150591546.4

precisely what the City attempts to do here: "The Court's previous admonition on OC spray applies equally to blast balls: Although these remaining blast ball uses are not clear violations, they are also not clearly *compliant* with the Orders." *Id.* at 24 (emphasis in original).

The City shrugs off the Court's order as finding only "isolated violations of a protester's rights" that should not form the basis for contempt, and then doubles down on its initial position that "there were *no* violations of the Order" at all. ECF 178 at 6 (emphasis added); *see Puget Soundkeeper Alliance*, 2017 WL 6515970, at *8 (finding contempt where, as here, defendants failed the core requirement of the court's order, i.e. preventing the wrongful conduct that formed the basis of the order from occurring); *see also Massachusetts v. E*Trade Access, Inc.*, 834 F. Supp. 2d 43, 45 (D. Mass. 2011) (finding defendants failed to substantially comply with "clear instructions" of the agreed order where, as here, "[i]nstead of admitting their non-compliance and promising better effort, defendants disingenuously claim[ed] they have complied in spite of a plethora of evidence to the contrary").

Again, the City does not challenge the standard applied nor provide previously unavailable evidence; rather, it disagrees that weapons deployed "by back row officers" or by officers who did not care to look as they deployed less lethal weapons even fall within the Court's Orders in the first instance. *Id.* at 7. The Court's reasoning was sound and is worth quoting here: the violations "are clear, in part, because they *fundamentally defy* the Court's Orders and the purpose behind them. They are not at the boundary . . . [t]hey violate the substantive terms of the Orders by clear and convincing margin." ECF 161 at 25 (emphasis added).

The Court correctly found that no good faith or reasonable interpretation could bring the four clear violations within the scope of the Orders. *Id.* at 26. The City finds no manifest error with the Court's ruling that "a party should not be held in contempt if its actions appear to be 'based in good faith and reasonable interpretation' of a court's order." *Id*. Indeed, the City repeats this standard in its current motion. ECF 178 at 6. Again, the City disputes the finding

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –11

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

that SPD officers did not reasonably interpret the Orders. *Id.*  Yet as the Court held, it is unreasonable to interpret these Orders to *ever* permit indiscriminately throwing blast balls into a crowd. ECF 161 at 20-21 ("[O]fficers may use less lethal weapons in certain circumstances. But even when those circumstances are met, SPD must not deploy the weapons 'indiscriminately into a crowd.'") (internal citations omitted).

The City does not dispute that the Court applied the correct standard in assessing whether the City was in "substantial compliance" with the Court's orders.  The City merely wants another chance to litigate the same questions of reasonableness and triviality versus substantial violations under the same facts.  It has failed to meet its high burden in bringing the instant Motion for Reconsideration.

## IV.   CONCLUSION

The Court should deny the City's motion outright.  In seeking to challenge the Court's order finding the City in contempt, the City blatantly violated the first rule of the Court's Standing Order to meet and confer.  That is reason enough to deny the motion.  And on the merits, the City does not come close to meeting the standard.  The motion simply rehashes the same arguments considered during the contempt proceedings and reintroduces the same evidence all over again.  That the City has to resort to caricaturing the Court's reasoning demonstrates why the City cannot meet its heavy burden on reconsideration.[5]

---

[5] Should the Court deny this motion for reconsideration, Plaintiffs should be given leave to amend the fee petition they served with their sanctions brief to account for the legal costs associated with opposing this motion.

PLAINTIFFS' RESPONSE TO MOTION
FOR RECONSIDERATION (No. 2:20-CV-
00887-RAJ) –12

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  December 29, 2020

By: s/ David A. Perez
By: s/ Carolyn S. Gilbert
By: s/ Rachel A.S. Haney
David A. Perez #43959
Carolyn S. Gilbert #51285
Rachel A.S. Haney #52637
Attorneys for Plaintiffs Black Lives Matter Seattle King County
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  DPerez@perkinscoie.com
           CarolynGilbert@perkinscoie.com
           RHaney@perkinscoie.com


By: s/ Nancy L. Talner
By: s/ Lisa Nowlin
By: s/ Breanne Schuster
By: s/ John Midgley
Nancy L. Talner #11196
Lisa Nowlin #51512
Breanne Schuster #49993
John Midgley #6511

**American Civil Liberties Union of Washington Foundation**
P.O. Box 2728
Seattle, WA  98111
Telephone: (206) 624-2184
Email:  talner@aclu-wa.org
           lnowlin@aclu-wa.org
           bschuster@aclu-wa.org
           jmidgley@aclu-wa.org


By: s/ Robert S. Chang
By: s/ Melissa Lee
By: s/ Jessica Levin
Robert S. Chang, #44083
Melissa Lee #38808
Jessica Levin #40837

**Fred T. Korematsu Center for Law and Equality**
Ronald A. Peterson Law Clinic
Seattle University School of Law
1112 E. Columbia Street

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150591546.4

Seattle, WA 98122
Telephone: 206.398.4025
Fax: 206.398.4077
Email: changro@seattleu.edu

*Attorneys for Plaintiffs Black Lives Matter Seattle-King County, Abie Ekenezar, Sharon Sakamoto, Muraco Kyashna-tochá, Alexander Woldeab, Nathalie Graham, and Alexandra Chen*

PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION (No. 2:20-CV-00887-RAJ) –14

150591546.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000