The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLACK LIVES MATTER SEATTLE-KING COUNTY, ABIE EKENEZAR, SHARON SAKAMOTO, MURACO KYASHNA-TOCHA, ALEXANDER WOLDEAB, NATHALIE GRAHAM, AND ALEXANDRA CHEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE,<br><br>Defendant. | No.   2:20-CV-00887 RAJ<br><br>REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION |

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 1

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

On reconsideration, it is both telling and legally significant that the Plaintiffs by and large fail to directly address the City's legal arguments or even mention the cited authority. Accordingly, this constitutes waiver. *See Shorter v. L.A. Unified Sch. Dist.,* No. CV 13-3198 ABC (AJW), 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013) (citing circuit authority holding that a party failing to address arguments in a responding brief waives its opposition to those arguments). Plaintiffs' opposition to the Motion for Reconsideration fails to address the case authority supporting the City's core legal argument - that the standards for contempt must be applied consistent with the scope of *Monell*, requiring an unconstitutional City custom or policy to establish City liability. Instead, Plaintiffs focus on irrelevant discussion of prior back and forth regarding video evidence, none of which changes the appropriate outcome here, and illogically argue that for the sixth substantive pleading on this issue, the City was required to meet and confer. This Court should vacate the contempt finding.

### I.      Plaintiffs Fail to Address the City's *Monell* Arguments.

The City cited clear case authority establishing that an injunction's scope must be consistent with the scope of the underlying claims. Here, the City cannot be found liable *for any of the claims* without a widespread custom promulgated by the City being the moving force behind unconstitutional acts. The Plaintiffs' opposition brief fails to mention, let alone attempt to distinguish, any of the cases cited by the City or otherwise address this legal concept. As the Court identified and the City acknowledged, no case expressly states that *Monell specifically* applies to a contempt proceeding arising out of an injunction. Likewise, Plaintiffs found no case expressly stating the reverse, making the Plaintiffs' claim that the City's position on *Monell* ignores the "overwhelming weight of past decisions" a particularly puzzling contention.[1]

---

[1] While the City believes *Monell* is controlling law here such that the order should be vacated on reconsideration, it has no objection should this Court desire to stay the proceedings for direct review of *Monell* issues under 28 U.S.C. 1292(b).

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 2

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

The City cited to cases clearly establishing that a party cannot receive more judicial relief via injunction than the party would be entitled to if claims were successfully pursued. *See New York Tel. Co. v. Commc'ns Workers of Am., AFL-CIO*, 445 F.2d 39, 48 (2d Cir. 1971) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 197, (1949)). This restriction is not a "novel concept;" instead, it is inherent in every injunction, as injunctions cannot issue unless the Court determines there is a likelihood of success on the merits of the underlying claim. An injunction is an order to prevent specific types of future harm, not a launching pad utilized to address all grievances between the parties. The Supreme Court reaffirms this:

> The *Monell* Court thought that Congress intended potential § 1983 liability where a municipality's *own* violations were at issue but not where only the violations of *others* were at issue. The "policy or custom" requirement rests upon that distinction and embodies it in law. To find the requirement inapplicable where prospective relief is at issue would undermine *Monell*'s logic. For whether an action or omission is a municipality's "own" has to do with the nature of the action or omission, not with the nature of the relief that is later sought in court.

*Los Angeles Cty., Cal. v. Humphries,* 562 U.S. 29, 37 (2010). While the City's position remains that the City practice is constitutional demonstration management, this Court applied the *Monell* standards when evaluating the likelihood of success on the merits in its underlying injunctive order. Similarly, Plaintiffs' Contempt Motion implicitly conceded that *Monell* applied, as they based their motion on alleged widespread violations of the Order.[2]

The City's pre-hearing requests to the Court addressed *Monell*. (Dkt. 173-1). The Court declined to address the City's request for scope clarification. (*Id*.). The City's opposition to the Motion for Contempt expressly stated the *Monell* standard needed to be applied. (Dkt. 144). The

---

[2] The City could not have prepared declarations in a month's time for each officer who deployed crowd control tools during the four protests at issue, and instead provided all draft internal SPD reports. Moreover, it was appropriate for additional evidence to be supplied to the Court once a limited number of deployments were at issue. Plaintiffs' attempt to confuse this issue should be disregarded where the Plaintiffs cite to the joint submission regarding evidence rather than this Court's subsequent Order on evidence rejecting some of the Plaintiffs' requests.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 3

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

City's Motion now targets the two primary barriers that the Court saw to applying *Monell* – Plaintiffs' reconsideration response simply restated those issues, providing no legal support for these theories.

While the Plaintiffs argue that the injunction "moots" the question of "vicarious liability," they fail to support this with any legal authority. (Dkt. 186, p. 12). Such an unsupported position flies in the face of *Monell,* the controlling cited case authority cited in the City's briefing, and common sense. Essentially, Plaintiffs argue that the injunction confers individual defendant status on every single police officer who responds to a protest - the legal and procedural defects in such an argument are clear. Moreover, Plaintiffs once again ignore dispositive points of law in the City's brief, including that any dispute over a term in an injunction (either because the term was omitted from or ambiguously stated in the injunction) must be decided in favor of the enjoined. (Dkt. 178, p. 4). Here, there was no concession of vicarious liability expressly stated and the proposition that the actions of a single officer, or an isolated few, could result in municipal contempt is, at best, ambiguous. Under these circumstances, and given well-established law, the Court cannot find a waiver of *Monell* here.

The injunction was issued based on Plaintiffs' claims that are only viable if the City had an established custom or policy that was the moving force behind the violations of Plaintiffs' constitutional rights. Well-established contempt standards need to be applied within the scope of legal liability at issue, namely a custom or policy of the City, not a much less stringent scope where the City bears vicarious liability by isolated individual acts. *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S. Ct. 2427 (1985) (to impose municipal liability under § 1983 based solely on a single incident, a plaintiff must demonstrate that the incident "was caused by an existing unconstitutional municipal policy which policy can be attributed to a municipal policy maker").

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 4

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II. Plaintiffs Fail to Address the City's Substantial Compliance arguments.

Plaintiffs' do not discuss the substantive aspects of the City's substantial compliance arguments, choosing instead to argue whether this element of the City's motion properly falls within the boundaries of a reconsideration motion. It does. Reconsideration is appropriate when a legal standard is incorrectly applied. This is not "relitigating" the same question; instead, it is an appropriate presentation of additional case law squarely within the bounds of reconsideration to demonstrate errors of law.[3] For example, the Court cannot substitute its own view of the on-the-ground circumstances to evaluate the reasonableness of the decision to utilize force. The City properly cited *Graham v. Connor,* 490 U.S. 386, 490 (1989) to aid the Court in reconsideration. (Dkt. 178, p. 6). Plaintiffs discuss at length the Court's acknowledgment of the chaos and confusion at these demonstrations. (Dkt. 183, p. 11). But Plaintiffs ignore that this was not contempt established by clear and convincing evidence. Instead, Plaintiffs use "inconclusive" deployments as unsupported justification for ignoring all other deployments at issue when evaluating substantial compliance. This is inconsistent with the law. (*See* Dkt. 176, pp.6-7). Additionally, Plaintiffs ignore the binding *Graham* standard that the Court must adhere to when evaluating reasonableness. The City's custom and policy is to go above and beyond in instructing and requiring officers to follow the terms of the Court's Order. In reports, officers explained how they believed they did comply, and the Court found these reports were generally credible. (Dkt. 161, p. 23). Deployments cannot be evaluated through the benefit of 20/20 hindsight excluding the dynamic circumstances on the ground facing the objectively reasonable officer. On this point of law, like many others, Plaintiffs opposition is silent. Furthermore, the City rightly identified instances where conduct *not barred by the injunction* (e.g.

---

[3] The City did not make the decision to file a reconsideration motion lightly, but felt it was warranted here, particularly where the City's potential liability was transformed from a custom or policy-based liability scope to one of vicarious liability for the City based on isolated, individual actors, as discussed in the prior section.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 5

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

deployments from behind the front row or not looking back to see where a deployment landed) was considered by the Court as evidence of contemptuous conduct. Again, injunctions must be specific about what is enjoined. Such omissions cannot be used to establish contempt, Plaintiffs' claim this was "fundamental" to the injunction's goals notwithstanding. (Dkt. 186 at 14). The injunction was primarily intended to ensure targeted deployments initiated only when necessary for safety; the position of the deploying officer relative to other officers or whether the officer kept eye contact post-deployment does nothing to advance or detract from that goal.

Rather than address that issue, Plaintiffs instead accuse the City of some alleged intent to withhold evidence – when the record in this matter is clear that first, the City always addressed its concern with the timing and scope of the contempt proceedings given the breadth and vagueness of Plaintiffs' complained of deployments and the sheer volume of videos. (Dkt 173-1 and 173-2). The Court laid out specific guidelines for production of video evidence to Plaintiffs – the City followed the Court's Order. Second, despite the time constraints or the proceedings, the City *did* account for all the identifiable uses of force by draft use of force reports, video evidence, and big picture declarations by scene commanders. Ultimately, the City accounted for the identified deployments from those four identified dates. Three of the Court's identified violative uses of force were in fact from the *City's* produced evidence – so Plaintiffs' arguments alluding to intentional withholding are meritless and misleading. Despite their effort to deviate, Plaintiffs cannot deny that they failed to meet *their* burden to provide clear and convincing evidence for the Court of contempt. This is the crux of the City's motion arguments addressing substantial compliance.

While the City's reconsideration pleading does provide the Court additional information about four specific deployments, this back and forth about the amount and timing of evidence is irrelevant to the ultimate issue. The City should not be held in contempt regardless of whether the *Monell*

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 6

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

threshold was applied or the substantial compliance standard was utilized in accord with *Graham*, even if there were four non-compliant deployments proven. That these four deployments were also compliant would merely be a further independent basis for determining the City was not in contempt.

### III.  The City Already Met and Conferred with Plaintiffs on the Merits of the Motion.

The City respects, and abided by, this Court's Standing Orders. The City filed its Motion to Reconsider *the Court's Order* on a *contested* motion, where the parties *already* had a meet and confer, five substantive pleadings prior to the reconsideration motion. Here, where the substantive issue was the Court's ruling, not an issue between parties, the appropriate entity to meet and confer with would be the Court – obviously neither appropriate nor required here, as evidenced by the Court's request for additional briefing from the parties. Plaintiffs' arguments of "litigation by surprise" (Dkt. 186, p. 6) are similarly inapplicable in the context of motions to reconsider. Whether a motion to reconsider warrants *any* response is at the sole discretion of the Court. LCR 7(h)(2).  Plaintiffs cite to California cases, governed by different local rules, which regardless of the type of motion filed, triggers an automatic response. *See* C.D. Cal. LR 7-9.[4] If the Court deems that another meet and confer was required, the City respectfully requests that the Court not deny the motion on this basis, particularly when Plaintiffs never indicate that they would have stipulated to the City's request for reconsideration and there was no automatic response required.

### CONCLUSION

The applicable case law, assessment of the injunction, and Plaintiffs' failure to substantively rebut the City's legal authority warrants reconsideration and the Court to vacate its contempt finding.

---

[4] There is no requirement under the Central District of California local rules leaving the response in the sole discretion of the Court. *See* C.D. Cal. LR 7-18. The City's motion to reconsider did not trigger a response deadline – unlike the discovery motions referenced by plaintiffs' non-binding cited authority.

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 7

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

DATED this 5th day of January, 2021

        PETER S. HOLMES
        Seattle City Attorney

By: */s/ Carolyn Boies*
    Ghazal Sharifi, WSBA# 47750
    Carolyn Boies, WSBA #40395
    Assistant City Attorneys

    E-mail: Ghazal.Sharifi@seattle.gov
    E-mail: Carolyn.Boies@seattle.gov

    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Phone: (206) 684-8200

CHRISTIE LAW GROUP, PLLC

By */s/ Robert L. Christie*
    ROBERT L. CHRISTIE, WSBA #10895
    THOMAS P. MILLER, WSBA #34473
    ANN E. TRIVETT, WSBA #39228
    MEGAN M. COLUCCIO, WSBA #44178
    2100 Westlake Avenue N., Suite 206
    Seattle, WA 98109
    Phone: 206-957-9669
    Email: bob@christielawgroup.com
    tom@christielawgroup.com
    ann@christielawgroup.com
    megan@christielawgroup.com

*Attorneys for Defendant City of Seattle*

REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
(2:20-CV-00887 RAJ) - 8

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200